(No. 44845.—

MARTHA BERRY *et al.*, Appellants, v. G. D. SEARLE &
CO. *et al.*, Appellees.

*Opinion filed March 29, 1974.*

UNDERWOOD, C.J., took no part.

Leonard M. Ring, of Chicago, for appellants.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas F. Tobi, William P. Richmond, and J. Patrick Herald, of counsel), for appellee G. D. Searle & Co.

Howard & French, of Chicago (Richard G. French and Stuart Litwin, of counsel), for appellee Planned Parenthood Association of Chicago.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

On May 29, 1969, plaintiffs, Martha Berry and her husband, filed a complaint in the circuit court of Cook County which was thereafter amended. In a second amended complaint Martha Berry (hereafter referred to as plaintiff) sought damages for injuries allegedly sustained by her after having taken a birth-control pill commonly known as Enovid. This drug was manufactured by defendant G. D. Searle & Co. (hereafter Searle), and prescribed and sold to her on and before May 29, 1965, by the co-defendant, Planned Parenthood Association of Chicago (hereafter Association). The initial action was filed more than two years after plaintiff sustained her alleged injury, and the circuit court granted defendants' motion to dismiss counts I and II of the second amended complaint, holding that recovery thereunder was barred by section 14 of the Limitations Act (Ill. Rev. Stat. 1969, ch. 83, par. 15). This appeal follows.

The first count was premised upon a breach of an implied warranty of the fitness of the product for a particular purpose as set forth in section 2—315 of the Uniform Commercial Code (Ill. Rev. Stat. 1965, ch. 26, par. 2—315). It averred that notwithstanding this implied warranty Enovid caused serious and dangerous side effects upon the user, including constriction of blood vessels, and that neither defendant warned of this possibility; that on or about May 30, 1965, as a result of the breach of this warranty, plaintiff suffered a cerebral vascular accident (stroke) and paralysis of portions of her body after ingesting the drug; and that defendants received notice of the purported breach of warranty within a reasonable time. The second count, which was predicated upon a

theory of strict liability in tort, asserted that the drug was unreasonably dangerous to its users for the specific reason heretofore mentioned; that this dangerous condition existed from the time the drug was manufactured; and that plaintiff did not learn that this drug caused her injury until June 1, 1967.

The primary issue presented for review is whether the four-year statute of limitations established by section 2—725(1) of the Code's sales article governs an action brought for personal injury allegedly arising from a breach of implied warranty. (Ill. Rev. Stat. 1969, ch. 26, par. 2—725(1).) However, if that section is inapplicable and the cause of action premised on breach of an implied warranty might therefore be considered barred as having been untimely filed, plaintiff maintains that an action predicated on strict tort liability is not precluded by expiration of the general two-year statute of limitations of section 14. It is her position that this action did not accrue until she learned of the cause of the injury. Since it was alleged that she was unaware of the cause of her condition until June 1, 1967, she argues that the statute of limitations must be computed from that date to determine if the action was timely filed.

In pertinent part sections of the Code provide:

"Section 2—315. Implied Warranty: Fitness for Particular Purpose.

Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is *** an implied warranty that the goods shall be fit for such purpose." Ill. Rev. Stat. 1965, ch. 26, par. 2—315.

"Section 2—318. Third Party Beneficiaries of Warranties Express or Implied.

A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use,

consume or be affected by the goods and who is injured in person by breach of the warranty. A seller may not exclude or limit the operation of this Section." Ill. Rev. Stat. 1965, ch. 26, par. 2—318.

"Section 2—715. Buyer's Incidental and Consequential Damages.
     *   *   *
(2) Consequential damages resulting from the seller's breach include
     *   *   *
    (b) injury to person or property proximately resulting from any breach of warranty." Ill. Rev. Stat. 1965, ch. 26, par. 2—715(2).

"Section 2—719. Contractual Modification or Limitation of Remedy.
               *   *   *
(3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not." Ill. Rev. Stat. 1965, ch. 26, par. 2—719(3).

"Section 2—725. Statute of Limitations in Contracts for Sale.
(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of · action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it." Ill. Rev. Stat. 1969, ch. 26, par. 2—725(1).

Section 14 of the Limitations Act, as pertinent to this appeal, states:

"Actions for damages for an injury to the person *** shall be commenced within two years next after the cause of action accrued." Ill. Rev. Stat. 1969, ch. 83, par. 15.

Prior to the adoption of the Code in 1961, Illinois applied the general two-year statute of limitations (section 14) for personal injuries whether the action was premised on tort or implied warranty. This result was predicated

upon the construction of section 14 which fixed the time limitation for personal injuries without concern for the form of action. *Handtoffski v. Chicago Consolidated Traction Co.* (1916), 274 Ill. 282; *Seymour v. Union News Co.* (1953), 349 Ill. App. 197.

Contrary to the Code's salutary attempt to establish uniformity among the various jurisdictions pertaining to matters subject to its provisions (Ill. Rev. Stat. 1965, ch. 26, par. 1—102(2)(c)), it has been recognized that controversy prevails between the Code and the concept of strict liability in tort (*Hawkins Construction Co. v. Matthews Co.* (1973), 190 Neb. 546, ——, 209 N.W.2d 643, 653; Speidel, Products Liability, Economic Loss and the UCC, 40 Tenn. L. Rev. 309 (1973)). Section 2—725(1) of the Code has been subject to varying interpretations in jurisdictions confronted with the issue as to whether to apply its four-year limitation provision in situations similar to the present case where an action premised on strict tort liability might be maintained for personal injuries. Comparison of the recent decisions of the Oregon and New Jersey Supreme Courts illustrates the existing dichotomy. (*Redfield v. Mead, Johnson & Co.* (Ore. 1973), 512 P.2d 776, 780; *Heavner v. Uniroyal, Inc.* (1973), 63 N.J. 130, 142-43, 305 A.2d 412, 419; see also Editors' Note, 13 UCC Reporting Service 471-72.) These decisions, and others therein cited, present a variety of reasons to sustain their particular positions.

The basic rule of statutory construction is to give effect to the intention of the legislature. (*People ex rel. Hanrahan v. White* (1972), 52 Ill.2d 70, 73.) In so doing the entire statute must be examined. (*Coan v. Cessna Aircraft* (1973), 53 Ill.2d 526, 528.) The aforementioned Code provisions clearly demonstrate the legislative intent to create a statutory cause of action for breach of implied warranty to afford consumer protection to those who sustain personal injuries resulting from product deficiencies. This remedy is distinct and in addition to that

existing in strict tort liability as adopted in *Suvada v. White Motor Co.* (1965), 32 Ill.2d 612. (See Restatement (Second) of Torts, sec. 402 A, comment *m*, at 355-56 (1965).) Although liability predicated on strict tort liability and breach of implied warranty under the Code are similar, as hereafter discussed, the latter is more restrictive in certain respects.

Section 2—725(1) of the Uniform Commercial Code provides a four-year statute of limitation for commencement of an action for breach of *any* contract for sale. Defendants have advanced various reasons in support of their interpretation that section 2—725(1) is not applicable to this case. Here, we find that the intention of the legislature has been expressed in clear and unmistakable language and the plain meaning of section 2—725(1) should be given effect. (*Bovinette v. City of Mascoutah* (1973), 55 Ill.2d 129, 133; *Department of Public Works and Buildings v. Schon* (1969), 42 Ill.2d 537, 539; *Nordine v. Illinois Power Co.* (1965), 32 Ill.2d 421, 429.) We therefore hold that section 2—725(1) sets forth the appropriate limitation period for personal injury actions predicated upon a breach-of-implied-warranty theory under the Code.

Even though the four-year limitation period is applicable to count I of the complaint, defendants raise other issues pertaining to deficiencies in count I. The Association argues that it was primarily a service organization which maintained a staff of physicians to give birth-control advice and the dispensation of birth-control pills was only an ancillary adjunct to performing that service. It concludes that it was merely performing an incidental service in distributing the drugs and was not engaged in selling these items as required by the Code. We cannot agree with this contention. The complaint alleged that the pills were sold to plaintiff. Moreover, a similar argument was raised in *Cunningham v. MacNeal Memorial Hospital* (1970), 47 Ill.2d 443. That case involved an action for strict liability in tort against a hospital for supplying contaminated blood

to a patient as part of the hospital's ancillary services. There we stated at page 450, "To assert that the transfusion of whole blood by a hospital into a patient, for which a charge is made, does not give rise to implied warranties because no 'sale' is involved is in our judgment simply unrealistic." The same conclusion is appropriate in this case.

The Association further maintains that a cause of action under the Code was not asserted because the complaint did not sufficiently allege that it was given notice of the breach of warranty by plaintiff. Section 2—607(3)(a) provides: "Where a tender has been accepted (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy." (Ill. Rev. Stat. 1965, ch. 26, par. 2—607(3)(a).) The Association concedes that the complaint did aver reasonable notification but it claims this was no more than a mere conclusion because a specific date was not set forth. Plaintiff argues that notification is unnecessary where the action involves sale of goods for human consumption and that this requirement should only be applied in commercial transactions.

We reject plaintiff's construction of section 2—607(3)(a) as applied to the Association. A statute of limitations is designed to afford an opportunity to prepare a defense. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill.2d 121, 125.) The acceptance of section 2—725(1) as the appropriate limitation period for actions involving personal injuries predicated on Code liability substantially extends the filing period for such actions beyond the traditional limitation period established by section 14 of the Limitations Act. We believe that the notification procedure is therefore proper if such theory of liability is advanced. To hold otherwise might permit a defendant to be confronted with stale claims thereby preventing the marshaling of evidence for a defense. It would also countenance a selective disregard of various

requirements set forth in the Code based solely upon the nature of the action. If the Code is the basis of recovery, a plaintiff will not be permitted to fulfill only certain requirements while neglecting others. Our disposition as to the necessity of notice has been accepted in other jurisdictions which have considered cases involving personal injuries. *Redfield v. Mead, Johnson & Co.* (Ore. 1973), 512 P.2d 776, 781; *San Antonio v. Warwick Club Ginger Ale Co.* (1968), 104 R.I. 700, 248 A.2d 778.

We need not discuss the merit of the Association's contention as to the propriety of notice alleged in the complaint. Section 45(1) of the Civil Practice Act requires that all objections to pleadings shall be raised by motion which "shall point out specifically the defects complained of." (Ill. Rev. Stat. 1971, ch. 110, par. 45.) The necessity for delimiting an objection to the complaint is designed to allow the plaintiff to prepare a response thereto or to amend the complaint in order to satisfy the objection. (*Central Illinois Electric and Gas Co. v. Scully* (1959), 17 Ill.2d 348, 353.) Having searched the record, we are unable to ascertain any specific challenge by either defendant as to the reasonableness of notice. We would state in this regard that an evaluation as to the compliance with this requirement must be determined from the factual setting of each case with regard to the circumstances of the parties involved.

The Association also contends that the implied warranty established by section 2—315 of the Code provides only that the goods be fit for the purpose for which they are purchased and not that the products are generally safe or fit for all purposes. The Association suggests that there is no allegation that Enovid did not prevent conception and that this was the reason for which it was purchased. Thus it reasons that there was no breach of warranty under the Code. To accept this general proposition based upon the present record would be palpably contrary to the intent of the Code.

Searle argues that plaintiff's action is barred by

section 2—725(2) of the Code, which provides, in pertinent part, that "A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. *A breach of warranty occurs when tender of delivery is made* \*\*\*." (Emphasis added.) Searle maintains that any implied warranty was breached when plaintiff received the drug and, as the complaint alleges, this occurred on or before May 29, 1965. Since the action was not filed until May 29, 1969, Searle concludes that an action premised on the Code is barred. It would seem that the tenor of Searle's argument is predicated on the basis that the final day on which this action could have been filed was May 28, 1969. This interpretation is contrary to the Construction of Statutes Act, which states, "The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last \*\*\*." (Ill. Rev. Stat. 1969, ch. 131, par. 1.11.) Therefore if the evidence would indicate that the drug causing the injury was delivered to plaintiff on May 29, 1965, an action based on liability under the Code commenced four years thereafter was timely filed.

Searle further contends that it cannot be held liable under the Code because there was neither a sale nor privity between plaintiff and Searle. The argument is advanced that section 2—318 requires a privity between the parties before recovery under the Code can be allowed for breach of an implied warranty. Searle's position is not without support (see *Heavner v. Uniroyal, Inc.* (1973), 63 N.J. 130, 305 A.2d 412; *United States Fidelity & Guarantee Co. v. Truck & Concrete Equipment Co.* (1970), 21 Ohio St. 2d 244, 257 N.E.2d 380; *International Union of Operating Engineers Local 57 v. Chrysler Motors Corp.* (1969), 106 R.I. 248, 258 A.2d 271; Prosser, Handbook of the Law of Torts (4th ed. 1971), at 655), although a contrary conclusion has been reached regarding the necessity of privity between a purchaser and remote manufacturer under section 2—318 of the Code. *Kassab v. Central Soya* (1968), 432 Pa. 217, 246 A.2d 848.

In *Suvada v. White Motor Co.* (1965), 32 Ill.2d 612, 622, we found it unnecessary to consider an argument regarding section 2—318 that is related to Searle's contention. Subsection 3 of the Official Code Comment pertaining to section 2—318, provides: "This section expressly includes as beneficiaries within its provisions the family, household, and guests of the purchaser. Beyond this, the section is neutral and is not intended to enlarge or restrict the developing case law on whether the seller's warranties, given to his buyer who resells, extend to other persons in the distributive chain." (S.H.A. (1963), ch. 26, sec. 2—318, p. 265.) It is clear from the language of section 2—318, as heretofore set forth, and the commentary thereon, that the requirement of privity between the purchaser and remote manufacturer is not established.

When the Code was adopted in 1961, privity was not required in cases involving personal injuries sustained from tainted food. (See *Suvada v. White Motor Co.* (1965), 32 Ill.2d 612, 618-19.) Since that time we have abolished the privity requirement in any action founded upon tort liability, recognizing that such liability and that created by implied warranty are similar. (*Rozny v. Marnul* (1969), 43 Ill.2d 54.) Construing these decisions and the language of section 2—318, we are of the opinion that privity is of no consequence when a buyer who purportedly has sustained personal injuries predicates recovery against a remote manufacturer for breach of an implied warranty under the Code. Therefore, the lack of privity in count I does not bar plaintiff's cause of action against Searle.

We reject plaintiff's argument as to the time at which her action for strict tort liability (count II) accrued under section 14. In *Williams v. Brown Manufacturing Co.* (1970), 45 Ill.2d 418, 432, it was stated, "we have held that an action to recover for personal injuries resulting from a sudden traumatic event accrues when plaintiff first knew of his right to sue, *i.e., at the time when the injury occurred.* [Citations.] Although we have not specifically held this rule applicable to a products liability claim

[citation], refusal to do so would emasculate much of the consumer protection afforded by *Suvada.*" (Emphasis added.) To avoid the possible unfavorable implication of *Williams,* plaintiff relies upon *Lipsey v. Michael Reese Hospital* (1970), 46 Ill.2d 32, 40, in which we held that a cause of action accrues in a medical malpractice case when a person knows or reasonably should know of his injury. See also *Rozny v. Marnul* (1969), 43 Ill.2d 54, 72.

We find it unnecessary to consider at length plaintiff's contention that her action in strict tort liability accrued on June 1, 1967, as alleged in her complaint. It asserts that on May 30, 1965, she suffered a cerebral vascular accident. Her reply brief candidly states that she "knew she was ill, that she had suffered a stroke and was partially and permanently paralyzed." However, she maintains that it was not until June 1, 1967, that she knew that Enovid was the cause of this condition. From plaintiff's description of the severity of her condition in the complaint and her reply brief it is inconceivable that her injury was not occasioned by a traumatic event and that she knew of this injury more than two years prior to the filing of her complaint.

We conclude that the requirement of section 14 of the Limitations Act was not fulfilled and recovery under count II is barred. The trial court therefore did not err in granting defendants' motion to dismiss that count.

Accordingly, the judgment of the circuit court of Cook County as to count II is affirmed. Its judgment as to count I is reversed and the cause remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Affirmed in part, reversed in part
and remanded, with directions.*

MR. CHIEF JUSTICE UNDERWOOD took no part in the consideration or decision of this case.