BERNIE BATES *et al.*, Plaintiffs-Appellants, *v.* LITTLE COMPANY OF MARY HOSPITAL *et al.*, Defendants.—(YALE INDUSTRIAL TRUCKS-GAMMON, INC., Defendant-Appellee.)

First District (2nd Division)   No. 81—1288

Opinion filed July 20, 1982.

Susan E. Loggans and Associates, of Chicago (Susan E. Loggans and Margaret M. O'Leary, of counsel), for appellants.

Garbutt and Jacobson Associated, of Chicago (Jerome J. Jacobson and Michael D. Johnson, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiffs, Bernie Bates and Opal Bates, appeal the trial court's order dismissing counts V and VI of their complaint at law against defendant, Yale Industrial Trucks-Gammon, Inc. (Yale Trucks), as being barred by the statute of limitations. For the reasons hereinafter stated, we affirm the trial court's order.

On October 12, 1977, plaintiff, Bernie Bates, was employed as a materials handler at the South Works Blast Furnace operated by United States Steel. During the seven years he was so employed his duties included transporting materials within the plant using a Yale Forklift truck. On October 12, 1977, as Bates was driving the Forklift truck over a graded portion of the blast furnace which was in disrepair, the Forklift tipped over, spilling Bates onto the pavement and pinning him underneath the Forklift.

On May 2, 1980, Bernie Bates and Opal Bates filed a six-count complaint against defendant, Yale Trucks, and other defendants. In count V Bernie Bates claimed damages under the doctrine of strict liability in tort; in count VI his wife, Opal Bates, sought damages for loss of consortium. The Bates' complaint alleged that when the Forklift left the control of Yale Trucks, it was in an unreasonably dangerous condition in that the Forklift was sold without a roll bar or other device to prevent the operator from falling out of or being injured by the vehicle. The complaint also claimed that there were inadequate warnings and instructions regarding the Forklift's stability. In his complaint Bernie Bates averred that he first discovered the defective condition of the Forklift on November 15, 1979.

On July 19, 1980, Yale Trucks moved to dismiss the complaint on the ground that the action was barred by the statute of limitations. (Ill. Rev. Stat. 1979, ch. 83, pars. 15, 22.2.) The motion was based solely on the pleadings. On December 22, 1980, Bernie Bates filed an affidavit which stated that November 15, 1979, was the first time he discovered the defective nature of the product. On January 20, 1981, the trial court dismissed counts V and VI of plaintiffs' second amended complaint against Yale Trucks as being barred by the statute of limitations.

Bernie Bates was injured on October 12, 1977, but did not bring

an action against Yale Trucks until May 2, 1980, more than two years after the accident. Under section 14 of the Limitations Act (Ill. Rev. Stat. 1979, ch. 83, par. 15), "[a]ctions for damages for an injury to the person *** shall be commenced within two years next after the cause of action accrued ***." The only provision in the Limitations Act which specifically applies to products liability actions states that " *** subject to the provisions of subsections (c) and (d), no product liability action based on the doctrine of strict liability in tort shall be commenced except within the applicable limitations period ***." (Ill. Rev. Stat. 1979, ch. 83, par. 22.2(b).) The "applicable limitations period" referred to in section 21.2(b) (par. 22.2(b)) is section 14 of the Limitations Act, which requires this type of action to be commenced "within two years next after the cause of action accrued ***." Thus, the dispositive issue in this case is determining when Bates' cause of action accrued.

Plaintiffs ask that we apply the "discovery rule" and hold that Bates' cause of action accrued on November 15, 1979, when he was advised by his attorney that he had a right to sue Yale for a defect in the design of the Forklift truck, rather than on October 12, 1977, when the accident occurred. Defendant responds that the discovery rule is inapplicable and that Bates' cause of action accrued on the date of the accident.

Traditionally, a plaintiff's ignorance concerning his cause of action did not toll the statute of limitations. (See *Lancaster v. Springer* (1909), 239 Ill. 472, 481, 88 N.E.2d 272; *Mosby v. Michael Reese Hospital* (1964), 49 Ill. App. 2d 336, 199 N.E.2d 633.) The discovery rule represents the judiciary's attempt to remedy this problem and "to alleviate what has been viewed as harsh results resulting from the literal application of the statute [of limitations]." (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414, 430 N.E.2d 976.) The effect of the discovery rule, which was first adopted in Illinois in *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 72-73, 250 N.E.2d 656, is to postpone the starting of the period of limitations until the injured party knows or should have known of his injury. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414.

The discovery rule "has been applied across a broad spectrum of litigation ***." (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414.) Contrary to defendant's argument, the rule has been held to apply to strict tort liability actions, like the one before us, seeking damages for personal injuries allegedly caused by defective products. (See *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 421 N.E.2d 864; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 421 N.E.2d 869;

*Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550; *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305.) The rationale for invoking the discovery rule in products liability cases is that a "refusal to do so would emasculate much of the consumer protection afforded by *Suvada [v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182, wherein the Illinois Supreme Court extended the concept of strict liability to manufacturers and sellers of products whose defective condition makes them unreasonably dangerous to the user or consumer.]" *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 432.

The difficulty in applying the discovery rule has been in giving meaning to the term commonly used stating the rule, "knows or should have known of his injury." *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414.

> "If this phrase is construed to mean knows of one's physical injury, the period commences to run at an earlier time than if it is construed to mean knows that one has a cause of action against a particular person. *** This court has *** adopted a construction of the rule which can be termed neither narrow nor expansive. That is, we have held that the event which triggers the running of the statutory period is not the first knowledge the injured person has of his injury, and, at the other extreme, we have also held that it is not the acquisition of knowledge that one has a cause of action against another for an injury he has suffered. Rather, we have held in *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156, and *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171, that the statute starts to run when a person knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused." *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414-15.

The term "wrongfully caused" must be viewed as a general or generic term and not a term of art. It does not mean that the plaintiff must have knowledge of a specific defendant's negligent conduct or knowledge that an actionable wrong was committed. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 415-16; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 170-71; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156.) An injured person knows or should know that the injury was "wrongfully caused" when he "becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved. At that point, under the discovery rule, the running of the

limitations period commences." (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416.) This is usually a question of fact unless the facts are undisputed and only one conclusion may be drawn from them. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416; *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 171; *Witherell v. Weimer* (1981), 85 Ill. 2d 146, 156.

Notwithstanding the formulation of the discovery rule in *Knox College*, we note that the supreme court has repeatedly held that where a plaintiff's injuries are caused by a sudden traumatic event, the plaintiff's cause of action accrues when the injury occurred.

In *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 261 N.E.2d 305, the plaintiff was run over by a trenching machine he was operating and sued the manufacturer on a strict liability in tort theory. In *Williams* the limitations period was an issue. The defendant argued that a strict tort liability action for damages from a defective design should accrue at the time the product leaves the control of the manufacturer. The court found that section 14 of the Limitations Act was the applicable statute of limitations and held that a products liability "action to recover for personal injuries resulting from a sudden traumatic event accrues when plaintiff first knew of his right to sue, *i.e.*, at the time when the injury occurred." (*Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 432.) As defendant correctly points out, *Williams* and the instant case are similar in several respects. Both cases were based on the doctrine of strict liability in tort, both were brought by plaintiffs who were injured in sudden traumatic events and both involved plaintiffs who were injured by products in the form of machines which made direct physical contact with their bodies.

In *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550, the plaintiff filed a products liability action against the manufacturer and seller of birth control pills alleging that she had suffered a stroke as the result of the unreasonably dangerous nature of the pills. The plaintiff filed her action more than two years after her stroke, and the supreme court rejected her argument as to the time at which her action for strict tort liability accrued under section 14 of the Limitations Act.

> "In *Williams v. Brown Manufacturing Co.* (1970), 45 Ill. 2d 418, 432, it was stated, 'we have held that an action to recover for personal injuries resulting from a sudden traumatic event accrues when plaintiff first knew of his right to sue, *i.e.*, *at the time when the injury occurred.* [Citations.] \*\*\*' (Emphasis added.) To avoid the possible unfavorable implication of *Wil-*

*liams,* plaintiff relies upon *Lipsey v. Michael Reese Hospital* (1970), 46 Ill. 2d 32, 40, in which we held that a cause of action accrues in a medical malpractice case when a person knows or reasonably should know of his injury. See also *Rozny v. Marnul* (1969), 43 Ill. 2d 54, 72.

We find it unnecessary to consider at length plaintiff's contention that her action in strict tort liability accrued on June 1, 1967, as alleged in her complaint. It asserts that on May 30, 1965, she suffered a cerebral vascular accident. Her reply brief candidly states that she 'knew she was ill, that she had suffered a stroke and was partially and permanently paralyzed.' However, she maintains that it was not until June 1, 1967, that she knew that Enovid was the cause of this condition. From plaintiff's description of the severity of her condition in the complaint and her reply brief it is inconceivable that her injury was not occasioned by a traumatic event and that she knew of this injury more than two years prior to the filing of her complaint.

We conclude that the requirement of section 14 of the Limitations Act was not fulfilled and recovery under count II is barred." *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 558-59.

In *Nolan,* which was relied on in *Knox College,* the court cited *Williams* and *Berry* with approval and, quoting from *Williams,* said "[W]e have held that an action to recover for personal injuries resulting from a sudden traumatic event accrues when plaintiff first knew of his right to sue, *i.e.,* at the time when the injury occurred." (*Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 166.) The court reiterated its earlier holdings in *Williams* and *Berry* regarding the strict tort liability counts stating that "the statute was held to commence to run when the plaintiffs knew or should have known of their injuries, which were suffered as part of traumatic events." (85 Ill. 2d 161, 167.) Neither *Knox College* nor *Nolan* involved a sudden traumatic event, and the *Nolan* opinion took cognizance of this difference: "We need next consider the precise extent of the discovery rule in a case such as the instant one, where the injury involved did not arise out of a 'sudden traumatic event.' " *Nolan v. Johns-Manville Asbestos* (1981), 85 Ill. 2d 161, 169.

Based on the foregoing, it appears that where injuries are suffered as part of a sudden traumatic event, the statute of limitations begins to run when the plaintiff first knew of his right to sue, *i.e.,* at the time when the injury occurred. Under the applicable case law,

therefore, count V of plaintiffs' complaint seeking damages for Bernie Bates' injuries which arose out of a sudden traumatic event was required to have been brought within two years of the accident. The action was not brought within two years and was properly dismissed. Since count V was not brought within the applicable period of limitations, count VI, in which Opal Bates alleged loss of consortium because of the injuries to her husband, was also time-barred. Ill. Rev. Stat. 1979, ch. 83, par. 15.1.

For the foregoing reasons, the order of the circuit court of Cook County dismissing counts V and VI of plaintiffs' complaint is affirmed.

Affirmed.

STAMOS, P. J., and DOWNING, J., concur.