**Dorothy LOFTON, Plaintiff-Appellant,**

v.

**GENERAL MOTORS CORPORATION, Defendant-Appellee.**

No. 82–1191.

United States Court of Appeals, Seventh Circuit.

Argued Sept. 17, 1982.

Decided Dec. 3, 1982.

Robert Gloshgarian, Susan Loggans & Associates, Chicago, Ill., for plaintiff-appellant.

Ann Marie Walsh, Lord, Bissell & Brook, Chicago, Ill., for defendant-appellee.

Before POSNER and COFFEY, Circuit Judges, and CAMPBELL,* Senior District Judge.

COFFEY, Circuit Judge.

This is an appeal from an order of the District Court for the Northern District of Illinois, Eastern Division, the Honorable George N. Leighton, presiding. The order appealed from granted the defendant General Motors' motion for judgment on the pleadings and dismissed the plaintiff Dorothy Lofton's complaint in this products liability action finding that the plaintiff's suit was time-barred by the Illinois two-year statute of limitations (Ill.Rev.Stat.ch. 83,

§ 22.2(d) (1979)). We hold that, under Illinois law, where injuries are suffered as a result of a sudden traumatic event, such as a fall, a plaintiff's cause of action accrues on the date of the occurrence of the sudden traumatic event. Accordingly, the order of the district court dismissing the plaintiff's complaint is AFFIRMED.

The plaintiff Dorothy Lofton, employed by the Chicago Transit Authority as a bus driver, suffered a fall to the pavement on June 6, 1978, while attempting to manually adjust a rearview mirror on the right side of a Chicago Transit Authority bus manufactured by the defendant, General Motors Corporation. Lofton was examined at that time by a Chicago Transit Authority physician who advised Lofton that she had suffered no injuries as a result of the fall. Soon after her fall, Lofton retained counsel and pursued a workmen's compensation claim against the Chicago Transit Authority.

Approximately one year after her fall, the plaintiff allegedly "developed complications in her back and underwent disc surgery in 1979 and 1980." (Plaintiff-Appellant's brief at 5).[1] At about this time, the plaintiff retained her present attorneys and discharged the attorneys she originally hired to pursue her workmen's compensation claim. Shortly thereafter, on September 14, 1981, the plaintiff met with her newly retained attorneys who informed the plaintiff that she might have a cause of action against General Motors based on the purportedly defective design and manufacture of the bus's rearview mirror which the plaintiff was manipulating and attempting

---

* The Honorable William J. Campbell, Senior District Judge of the Northern District of Illinois, is sitting by designation.

1. Since this case was dismissed on the pleadings, the record on appeal is not as complete as if a full trial had been held. Consequently, the record is silent as to the precise extent of the "complications" the plaintiff experienced, the exact date or dates of the spinal surgery, and the type of spinal surgery involved (i.e., a laminectomy or spinal fusion). However, these discrepancies in no way affect our decision affirming the district court.

In this context, it is important to emphasize that the plaintiff does not argue that her cause of action accrued when the "complications" developed in her back approximately one year after her fall. The reason she does not so argue is clear; shortly after her fall, and well before she allegedly developed "complications" in her back, the plaintiff instituted a workmen's compensation claim against her employer for injuries sustained in the fall. Thus, the plaintiff obviously believed she had suffered injuries as a result of her fall, at least as of the date she filed her workmen's compensation claim.

to adjust when she fell. The plaintiff Lofton, after receiving this advice, filed a complaint against General Motors in the Circuit Court of Cook County, Illinois on September 25, 1981, more than three years after her fall.

In paragraph 4 of her complaint, the plaintiff alleged that she first became aware of the purported defect in the defendant General Motors' product during her initial consultation with her attorneys on September 14, 1981. Paragraph 4 reads as follows:

"4. Plaintiff discovered that the aforesaid product was defective on or about September 14, 1981 and that was the first time she knew or should have known of said defect."

Lofton's complaint further alleges that the bus designed and manufactured by General Motors was defective as: (1) the side rearview mirror had to be manually adjusted; (2) the mirror was located in an inaccessible location; and (3) General Motors did not warn bus drivers that the mirror had to be manually adjusted.

The case was subsequently removed to the United States District Court for the Northern District of Illinois, with federal jurisdiction founded upon diversity of citizenship. On December 7, 1981, the defendant General Motors moved for judgment on the pleadings under Fed.R.Civ.P. 12(c)[2] on the ground that the plaintiff's cause of action was barred by the two-year statute of limitations set forth in Ill.Rev.Stat. ch. 83, § 22.2(d).[3] The district court agreed with the defendant and dismissed the action on January 29, 1982, holding in relevant part as follows:

"Plaintiff was injured on June 6, 1978. This suit was filed over three years later on September 25, 1981. Ill.Rev.Stat. Ch. 83, § 22.2 provides that plaintiff may bring a tort action within 2 years after the date on which she knew or should have known of the existence of a personal injury. As neither her injuries or the alleged defect were hidden, plaintiff's cause of action accrued when she was injured. *Williams v. Brown Manufacturing Co.,* 45 Ill.2d 418, 432, 261 N.E.2d 305 (1970). Accordingly plaintiff's suit is time barred, judgment is entered for defendant and this case is dismissed."

The plaintiff argues on appeal that the district court's order dismissing the plaintiff's action was erroneous in two respects. First, the plaintiff contends that, under Illinois law, her cause of action accrued not when she fell on June 6, 1978 but rather on September 14, 1981 when she was first advised by her attorneys that the outside rearview mirror on the bus was allegedly defective. Second, the plaintiff further asserts that the trial court erred in ruling that the cause of action accrued when she fell on June 6, 1978 because in so ruling, the judge refused to accept as true the allegations contained in paragraph 4 of her complaint.

## ISSUES

*Issue 1:* Did the trial court misinterpret Ill.Rev.Stat. ch. 83, § 22.2(d) by ruling that the plaintiff's cause of action was time-barred as a matter of Illinois law?

2. Fed.R.Civ.P. 12(c) recites:

"(c) Motion for Judgment on the Pleadings. After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

3. This suit is governed by the relevant Illinois statute of limitations, *Neubauer v. Owens-Corning Fiberglass Corp.,* 686 F.2d 570 (7th Cir.1982). Ill.Rev.Stat. ch. 83, § 22.2(d) reads in pertinent part:

"Products Liability Actions"

&ast; &ast; &ast; &ast; &ast; &ast;

"(d) ... the plaintiff may bring suit within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury ...."

*Issue 2:* Did the trial court err by failing to accept as true paragraph 4 of the plaintiff's complaint?

*Statute of Limitations*

The plaintiff argues that, under Illinois law, a products liability action does not accrue until a plaintiff knows or should have known that the product causing the injury was defective. Thus, the plaintiff contends, her cause of action against General Motors did not accrue until September 14, 1981, when she was advised by her attorneys that the outside rearview mirror on the bus was possibly defective.

The statute of limitations which governs the plaintiff Lofton's cause of action is chapter 83, § 22.2 of the Illinois statutes, which recites in pertinent part:

"Products Liability Actions"

\* \* \* \* \* \*

"(d) ... the plaintiff may bring suit within 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, of the existence of the personal injury ...."

To support her argument that her cause of action against General Motors did not accrue until she was advised that the defendant's product was allegedly defective, the plaintiff relies on a series of recent Illinois Supreme Court decisions construing the two-year Illinois statute of limitations in situations involving claims for injuries and/or illnesses which manifest themselves gradually over a number of years, rather than injuries and/or illnesses resulting from a sudden traumatic event (e.g., a fall).[4]

In *Nolan v. Johns-Manville Asbestos,* 85 Ill.2d 161, 52 Ill.Dec. 1, 421 N.E.2d 864 (1981), for example,[5] the plaintiff brought a products liability action against a manufacturer of asbestos products. In that case, the plaintiff began to experience lung problems in 1957, some seventeen years prior to filing suit against the defendant, and his condition was not diagnosed as asbestosis until 1973. The plaintiff filed suit in 1975, and the trial court dismissed the action holding that the plaintiff's cause of action accrued prior to the 1973 asbestosis diagnosis and thus the two-year statute of limitations had expired. The Illinois Appellate Court reversed the trial court, and the Illinois Supreme Court affirmed the appellate court, remanding the action to the trial court:

"We are of the opinion that the preferred rule is that the cause of action accrues when the plaintiff knows or reasonably should know of an injury and also knows or reasonably should know that the injury was caused by the wrongful acts of another."

*Nolan v. Johns-Manville Asbestos,* 85 Ill.2d 161, 52 Ill.Dec. 1, 4, 421 N.E.2d 864, 867 (1981). Based on this language, the plaintiff argues that her cause of action against General Motors did not accrue until she was advised by her attorney that the bus's outside rearview mirror was allegedly defective; it was only then, the plaintiff contends, that she knew her "injury was caused by the wrongful acts of another."

The plaintiff Lofton's reliance on these recent cases is misplaced because the plaintiff overlooks the crucial distinction between the application of the statute of limitations in two distinctly different situations: (1) cases in which a person's injuries gradually manifest themselves over the course of many years; and (2) situations where injuries result from a sudden traumatic event such as a fall. Lofton concedes

---

4. *Nolan v. Johns-Manville Asbestos,* 85 Ill.2d 161, 52 Ill.Dec. 1, 421 N.E.2d 864 (1981) (asbestosis); *Knox College v. Celotex Corp.,* 88 Ill.2d 407, 58 Ill.Dec. 725, 430 N.E.2d 976 (1981) (leaky roof); *Witherell v. Weimer,* 85 Ill.2d 146, 52 Ill.Dec. 6, 421 N.E.2d 869 (1981) (vein thrombosis allegedly caused by birth control pills).

5. The *Nolan, Witherell* and *Knox College* cases all set forth the same statute of limitations rule to be applied in cases involving injuries which manifest themselves gradually. The *Nolan* case is the most relevant case as *Nolan,* like the instant case, involves a cause of action founded upon strict products liability. Therefore, our discussion is limited to the *Nolan* case.

that her injuries were caused by a sudden traumatic event (i.e., her fall), but the plaintiff strenuously contends that the Illinois Supreme Court has abandoned the gradual/sudden distinction in statute of limitations questions. We reject this argument.

The Illinois Supreme Court in *Nolan* expressly recognized and contrasted the gradual/sudden distinction. The court quoted with approval *Williams v. Brown Manufacturing Co.,* 45 Ill.2d 418, 432, 261 N.E.2d 305 (1970) relied upon by the district court in the instant case, as follows:

> "[W]e have held that an action to recover for personal injuries resulting from a sudden traumatic event accrues when plaintiff first knew of his right to sue, i.e., at the time when the injury occurred."

52 Ill.Dec. at 3, 421 N.E.2d at 866. Furthermore, the Illinois Supreme Court clearly stated that the *Nolan* holding does not apply to actions involving injuries resulting from sudden traumatic events; *Nolan* involved an application of the statute of limitations in a case "where the injury involved did not arise out of a 'sudden traumatic event.'" *Id.* 52 Ill.Dec. at 4, 421 N.E.2d at 867.

Moreover, the Illinois Appellate Court recently considered and rejected an argument strikingly similar to the plaintiff Lofton's contention. In *Bates v. Little Company of Mary Hospital,* 108 Ill.App.3d 137, 63 Ill.Dec. 887, 438 N.E.2d 1250 (1982) the plaintiff brought a products liability action for injuries sustained when a lift truck manufactured by the defendant Yale Industrial Trucks, Inc. overturned while the plaintiff was operating it. The accident occurred on October 12, 1977, but the plaintiff failed to file his suit against the manufacturer until May 2, 1980, more than two years after the accident. The plaintiff argued that his claim was not time-barred because his cause of action did not accrue until November 15, 1979 when he discovered the defective nature of the forklift. The trial court rejected this argument and

granted the defendant's motion for judgment on the pleadings, holding that the plaintiff's claim was barred by the expiration of the two-year statute of limitations. The Appellate Court, after discussing the same Illinois Supreme Court cases relied upon by the plaintiff Lofton in the instant case, affirmed and held:

> "Based on the foregoing, it appears that where injuries are suffered as part of a sudden traumatic event, the statute of limitations begins to run when the plaintiff first knew of his right to sue, i.e., at the time when the injury occurred."

*Id.* at 142, 63 Ill.Dec. 887, 438 N.E.2d 1250.

The soundness of this decision is evident when one examines the policy considerations which prompted the Illinois Supreme Court to adopt the view expressed in *Nolan.* In cases such as *Nolan* involving illness or injuries which manifest themselves gradually over the course of many years, as contrasted with those injuries caused and/or exacerbated by a sudden traumatic event, it is difficult to pinpoint the precise time the injury occurs. The Illinois Supreme Court believed that in such a situation "the ends of justice are served by permitting plaintiff to sue within the statutory period computed from the time at which he knew or should have known of the right to sue." 52 Ill.Dec. at 4, 421 N.E.2d at 867. On the other hand, as in the instant case, where the injury results from a sudden traumatic event, it is not difficult to pinpoint the precise time the injury occurs, i.e., at the time the sudden traumatic event occurs. Moreover, the view urged on us by the plaintiff in this case would effectively render the statute of limitations meaningless because under the plaintiff's view the limitation period would not begin to run until the plaintiff retained an attorney who was willing to file a lawsuit more than three years after the sudden traumatic event causing the injury. Adoption of such a rule would undermine the purpose of the statute of limitations, which the United States Supreme Court has stated is:

"to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded and witnesses have disappeared. The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them." [6]

Based on the foregoing discussion, we hold the district court correctly ruled that the plaintiff Lofton's cause of action accrued on June 6, 1978, the date the sudden traumatic event causing her injuries (the fall from the bus) occurred. Thus, the plaintiff's cause of action against the defendant General Motors is time-barred.

In light of our holding that under Illinois law a cause of action for injuries accrues when one experiences a sudden traumatic event (e.g., a fall), we need to discuss the plaintiff's second argument only briefly. The plaintiff asserts that, in ruling that the plaintiff's action was time-barred, the district court erred by failing to accept as true paragraph 4 of the complaint [7] in which the plaintiff alleges she was first informed of the defective nature of the bus's rearview mirror on September 14, 1981. This argument is without merit.

The district court, in dismissing the plaintiff's action, properly determined that the allegations contained in paragraph 4, even if true, are not relevant to the question of whether the statute of limitations had expired. Rather, the district court recognized that paragraph 3 of the plaintiff's complaint is of controlling significance. Paragraph 3 of the complaint recites:

"On June 6, 1978, as plaintiff DOROTHY LOFTON, was attempting to adjust a mirror attached to the right front side of the aforesaid CHICAGO TRANSIT AUTHORITY BUS, she was caused to fall out of and from said bus to the ground and become injured."

Relying on the allegations in paragraph 3, the district court correctly ruled as a matter of law that the plaintiff's cause of action was barred by Ill.Rev.Stat. ch. 83, § 22.2(d) because a cause of action for injuries resulting from a sudden traumatic event accrues on the date of the sudden traumatic event. Accordingly, we hold that the plaintiff Lofton's cause of action against General Motors is time-barred as the cause of action accrued when she fell on June 6, 1978, more than 2 years before the commencement of this action.

## CONCLUSION

We hold that the plaintiff's cause of action against General Motors for injuries resulting from a fall which occurred on June 8, 1978 was properly dismissed because: (1) under Illinois law, a cause of action for injuries resulting from a sudden traumatic event, such as a fall, accrues on the date of the sudden traumatic event; and (2) the plaintiff did not commence her suit against the defendant General Motors until September 25, 1981, more than two years after the fall from which her injuries resulted.

**6.** *American Pipe & Construction Co. v. Utah,* 414 U.S. 538, 554, 94 S.Ct. 756, 766, 38 L.Ed.2d 713 (1974) quoting *Order of Railroad Telegraphers v. Railway Express Agency,* 321 U.S. 342, 64 S.Ct. 582, 88 L.Ed. 788 (1944).

**7.** For purposes of considering a motion for judgment on the pleadings, pursuant to Fed.R. Civ.P. 12(c), all of the well-pleaded factual allegations in the non-moving party's pleadings are assumed to be true. *M. Snower and Co. v. United States,* 140 F.2d 367 (7th Cir.1944).