**Patricia KUMPFER, Individually and as Special Administrator of the Estate of Robert Kumpfer, Deceased, Plaintiff,**

v.

**SHILEY, INCORPORATED and Pfizer, Inc., Defendants.**

**No. 90 C 2311.**

United States District Court, N.D. Illinois, E.D.

Aug. 6, 1990.

Priscilla P. Weaver, Kurt D. Williams, Robert F. Finke, Mayer, Brown & Platt, Chicago, Ill., for defendants.

James Paul Costello, James Paul Costello, Ltd., Des Plaines, Ill., for plaintiff.

Terence R. Selby, John J. Daley, III, French Kezelis & Kominiarek, Chicago, Ill., for Dr. Engelmeier-respondent in discovery.

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendants, Shiley Incorporated and Pfizer Inc., to dismiss plaintiff's complaint based on the statute of limitations, pursuant to Fed. R.Civ.P. 12(b). For the following reasons, the court grants the motion.

Shiley Incorporated and Pfizer, Inc. formerly manufactured and sold a type of

"mitral valve" or heart valve. On March 20, 1986, the deceased, Robert Kumpfer, had one of these valves implanted in his heart. Sometime in May 1986, Mr. Kumpfer suffered a cardiac arrest, which ultimately led to his death on July 28, 1986. On February 26, 1990, Patricia Kumpfer, the decedent's wife, learned of possible defects in the valve implanted in her husband through publication of congressional hearings concerning the valves. On March 26, 1990, Mrs. Kumpfer filed the instant complaint in state court, alleging claims under the Illinois Wrongful Death Act,[1] the Illinois Survival Act[2] and the Illinois Family Expense Act.[3] On April 23, 1990, defendants removed this cause of action to this court, pursuant to 28 U.S.C. § 1441.

Defendants move to dismiss plaintiff's complaint as time barred for failure to file the action prior to the running of the statute of limitations. As this action is present in this court based on diversity jurisdiction, the applicable statute of limitations is that applied by the state; i.e. Illinois. *Erie v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1937); *Lofton v. General Motors Corp.,* 694 F.2d 514, 516, n. 3 (7th Cir.1982). In Illinois, the statute of limitations for a personal injury action, whether brought by the person injured or by another for injury to that person, is two years from the date the cause of action accrues.[4] Ill.Rev.Stat. ch. 110, ¶ 13–202, ¶ 13–203.

The issue before the court is the date on which plaintiff's cause of action accrued. An injured party's cause of action accrues, and the statute of limitations begins to run, when that person knows or reasonably should have known of the injury and also knows or reasonably should have known that the injury was caused by the actions of another. *Lofton,* 694 F.2d at 517 (citing *Nolan v. Johns–Manville Asbestos,* 85 Ill.2d 161, 52 Ill.Dec. 1, 421 N.E.2d

864 (1981). When the plaintiff becomes apprised of this knowledge, she is under an obligation to further determine whether an actionable wrong has been committed. *Nolan,* 85 Ill.2d at 171, 52 Ill.Dec. at 5, 421 N.E.2d at 868; *see also, United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979) (applying the discovery rule to claims under the Federal Tort Claims Act).

Plaintiff argues that, under the discovery rule, her cause of action did not accrue until February 26, 1990, the date on which she learned, through the publication of congressional hearings, of possible defects in her husband's heart valve. However, plaintiff's reliance on the discovery rule is misplaced. It is clear that, in Illinois, the discovery rule does not act to toll the running of the statute of limitations in a case where the injury was sudden and traumatic. *Lofton,* 694 F.2d at 518. "[W]e have held that an action to recover for personal injuries resulting from a sudden and traumatic event accrues when plaintiff first knew of his right to sue, i.e., at the time when the injury occurred." *Id.* (citing *Nolan,* 85 Ill.2d at 171, 52 Ill.Dec. at 3, 421 N.E.2d at 866); *see also Bates v. Little Co. of Mary Hospital,* 108 Ill.App.3d 137, 142, 63 Ill.Dec. 887, 891, 438 N.E.2d 1250, 1254 (1st Dist.1982). As the facts alleged in plaintiff's complaint show, Mr. Kumpfer suffered a cardiac arrest sometime in May 1986 and eventually died on July 28, 1986. Therefore, plaintiff was aware of both her injuries and those of her husband, at the latest, on July 28, 1986.

Plaintiff argues that the cardiac arrest of May 1986 was not "sudden and traumatic" because her husband had a heart condition. Therefore, she reasons, a cardiac arrest is not such an unusual occurrence as to warrant further investigation as to the cause of injury. This argument was squarely rejected in a similar case, *Lutes v.*

---

1. Ill.Rev.Stat. ch. 70, ¶ 1 *et seq.*

2. Ill.Rev.Stat. ch. 110½, ¶ 27–6.

3. Ill.Rev.Stat. ch. 40, ¶ 1015.

4. The court notes that, in addition to being limited to a two year statute of limitations for any personal injury claims, a two year statute of limitations is expressly applicable to plaintiff's

claims in count I under the Wrongful Death Act (Ill.Rev.Stat. ch. 70, ¶ 2), count II under the Illinois Survival Act (Ill.Rev.Stat. ch. 110, ¶ 13–203), and count III under the Family Expense Act (Ill.Rev.Stat. ch. 110, ¶ 13–202, *see also, Hobby v. Johns–Manville Sales Corp.,* 573 F.Supp. 53 (S.D.Ill.1983)).

**740**

*Farley,* 113 Ill.App.3d 113, 68 Ill.Dec. 695, 446 N.E.2d 866 (3rd Dist.1983). There, the mother of a stillborn child asserted a cause of action for medical malpractice more than two years after the stillborn birth. No inquiry was made at the time of death and it wasn't until plaintiff's sister informed her of possible medical malpractice, more than two years later, that an inquiry was made. The court there held:

> Certainly, the stillborn birth of a child is a sudden, traumatic event which should prompt some investigation by the injured party and trigger the application of the discovery rule. In contrast, where the injury is one with an insidious onset for which a date of injury cannot be fixed, particularly by a layman, the discovery rule is not applied to bar a cause of action brought more than two years after the injury occurs. (citations omitted)

*Lutes,* 113 Ill.App.3d at 115–16, 68 Ill.Dec. at 697, 446 N.E.2d at 868; see also *Berry v. G.D. Searle & Co.,* 56 Ill.2d 548, 309 N.E.2d 550 (1974) (holding that the statute of limitations for a stroke caused by the drug Enovid begins to run on the date of the injury).

Likewise, in the case before us, the decedent's cardiac arrest was sufficiently sudden and traumatic to prompt the plaintiff to make some inquiry as to the cause of death. Moreover, plaintiff was aware that the heart valve had been implanted in her husband only months before. A cardiac arrest and subsequent death four months after such surgery should certainly prompt a plaintiff to investigate whether the injury may have been caused by a defect in the heart valve. Plaintiff's cause of action accrued on July 28, 1986 and the statute of limitations on this cause of action ran out on July 28, 1988. Since plaintiff filed this action on March 26, 1990, she has failed to file within the applicable statute of limitations period. Accordingly, the court grants defendants' motion to dismiss plaintiff's complaint in its entirety.

IT IS SO ORDERED.