Bettie Jones HOLMES, Plaintiff,

v.

BOEHRINGER INGELHEIM PHAR-
MACEUTICALS, INC., a Delaware
corporation, Roxane Laboratories,
Inc., a Delaware corporation, Glaxo
Wellcome, Inc., a North Carolina cor-
poration, Advocate Illinois Masonic
Medical Center, an Illinois corpora-
tion, Shari Medina, M.D., Michael
Cromeans, M.D., Ramamoorthy Sun-
daresan, M.D., Evelyn Tebner, M.D.,
and James Malow, M.D. Defendants.

No. 01 C 4672.

United States District Court,
N.D. Illinois,
Eastern Division.

Oct. 31, 2002.

Milton C. Jacobson, Steven Michael San-
dler, Jacobson & Sorkin, Ltd., Chicago, IL,
Donald T. Bertucci, Chicago, IL, for Bettie
Jones Holmes.

Leslie M. Smith, Joel Alan Blanchet, Kirkland & Ellis, Chicago, IL, for Boehringer Ingelheim Pharmacueticals, Inc., Roxane Laboratories, Inc.

Peter C. John, Hanson Lloyd Willliams, Williams, Montgomery & John, Ltd., Chicago, IL, Madeline M. McDonough, Steven M. Thomas, Shook, Hardy & Bacon, Kansas City, MO, for Glaxo Wellcome, Inc.

Robert L. Nora, Kathleen Marie Kattner, McBreen, Kopko, McKay & Nora, Chicago, IL, for Shari Medina, M.D.

Robert L. Nora, McBreen, Kopko, McKay & Nora, Chicago, IL, for Illinois Masonic Hosp., Dr. Evelyn Tebner.

Paul L. Price, Price, Tunney, Reiter & Bruton, Chicago, IL, for James Malow, M.D.

Michael Denney Huber, Iwan Cray Huber Horstman & VanAusdal LLC, Chicago, IL, for Ramamoorthy Sundaresan, M.D.

Paul L. Price, John M. Kienzle, Price, Tunney, Reiter & Bruton, Chicago, IL, for Dr. Marlow.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Defendants Boehringer Ingelheim Pharmaceuticals, Inc. ("Boehringer") and Roxane Laboratories, Inc. ("Roxane") move for reconsideration of my July 17, 2002 order granting Holmes leave to file a second amended complaint. I grant the motion for reconsideration.

### I.

On January 27, 2000, plaintiff Bettie Jones Holmes was accidentally exposed to HIV in the course of her employment at Advocate Illinois Masonic Medical Center ("IMMC"). She was treated in IMMC's emergency room, where IMMC personnel prescribed and administered two drugs, Viramune and Combivir, in order to pre-vent Ms. Holmes from becoming infected with HIV. Ms. Holmes continued to take the drugs as prescribed over the following weeks. On March 8, 2000, Ms. Holmes went into a hepatic coma and underwent an emergency liver transplant. On May 17, 2001, Ms. Holmes filed suit against Boehringer and Roxane, stating negligence and strict liability claims based on the defendants' manufacture and sale of Viramune, which allegedly caused her liver failure. The defendants removed the case to federal court. On October 25, 2001, Ms. Holmes successfully moved to file an amended complaint, adding warranty claims against the two original defendants and naming IMMC and Drs. Ramamoorthy Sundaresan, Evelyn Tebner, and James Malow, who were involved in Ms. Holmes' treatment following her HIV exposure, as respondents in discovery. Sometime in May of 2002, Ms. Holmes fired her original counsel, and a new plaintiff's attorney appeared on her behalf. On July 17, 2002, Ms. Holmes' new counsel moved for leave to file a second amended complaint naming the respondents in discovery as defendants and adding as new defendants Glaxo Wellcome, Inc. and Drs. Shari Medina and Michael Cromeans. I granted the motion, unaware that it was opposed. Boehringer and Roxane have filed a motion to reconsider, arguing that some of the new defendants are non diverse, thereby destroying this court's jurisdiction, and that the complaint would be subject to dismissal due to the applicable statute of limitations.

### II.

This court has jurisdiction over the case pursuant to 28 U.S.C. §§ 1332 and 1441. Such jurisdiction was proper at the time of removal because complete diversity of citizenship existed between the Illinois plaintiff and the Delaware defendants. "If after removal the plaintiff seeks to join additional defendants whose joinder would

destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the state court." 28 U.S.C. § 1447(e). As IMMC and all of the doctors are Illinois citizens, allowing the joinder of any of them as defendants would destroy federal jurisdiction in this case. While Rule 15 directs that leave to amend shall be "freely given," it is properly denied where there is "undue delay, bad faith, dilatory motive, a repeated failure to cure deficiencies, undue prejudice to the opponent, or where the amendment would be futile." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir.1992). An amendment may be futile "when it fails to state a valid theory of liability or could not withstand a motion to dismiss." *Id.* at 1008.

The claims Ms. Holmes seeks to join are futile because they could not withstand a motion to dismiss for violation of the statute of limitations. The statute of limitations on medical malpractice claims against physicians or hospitals is two years from the time a plaintiff knew, or through the use of reasonable diligence should have known, of the injury. 735 ILL. COMP. STAT. 5/13-212(a) (2002).

■ Ms. Holmes contends that the two-year statute of limitations on her claims against IMMC and her physicians did not begin to run until July 2, 2002, when she received a Certificate of Physician stating that IMMC and its employees violated the standard of care. She states that this is the first time she became aware that the new defendants injured her. However, Ms. Holmes filed a negligence claim against Drs. Sundaresan, Tebner, and Malow in state court on May 6, 2002, indicating that she was aware of their allegedly deficient performance at least two months before she received the Certificate of Physician. More importantly, the Illinois Supreme Court has held that where the plaintiff's injury is caused by a "sudden traumatic event . . . the cause of action accrues, and

the statute of limitation begins to run, on the date the injury occurs." *Golla v. Gen. Motors Corp.*, 167 Ill.2d 353, 212 Ill.Dec. 549, 657 N.E.2d 894, 899 (1995). A plaintiff's stroke after ingestion of the birth control pill has been found to be a sudden traumatic event triggering the running of the statute of limitations. *Berry v. Searle*, 56 Ill.2d 548, 309 N.E.2d 550, 556 (1974). *Berry* suggests that hepatic coma following ingestion of antiviral medication is also a sudden traumatic event.

■ Where the facts are not in dispute, and only one conclusion may be drawn from those facts, the question of whether a plaintiff knew or reasonably should have known that she was injured by the defendants may be decided by the court as a matter of law. *Young v. McKiegue*, 303 Ill.App.3d 380, 236 Ill.Dec. 907, 708 N.E.2d 493, 499 (1999). Here, it is undisputed that Ms. Holmes was aware of a sudden traumatic injury when she underwent a liver transplant on March 8, 2000. It is undisputed that Ms. Holmes was aware of a connection between the care she received at IMMC and her injury, as she commenced a lawsuit against the manufacturer of the drug she received there and named IMMC and its employees as respondents in discovery. Further, Ms. Holmes acknowledges that the July 2, 2002 Certificate of Physician, which supposedly brought her right of action to her attention for the first time, was based on medical records which had been in her original attorney's possession since commencement of the suit. Thus, as a matter of law, Ms. Holmes had constructive notice of her claims against IMMC and its employees in March of 2000, and her claims against them are now time-barred. Ms. Holmes offers no explanation whatsoever as to why she failed to name Glaxo Wellcome as a defendant earlier. The statute of limitations for personal injury claims outside the

medical malpractice context is likewise two years; the claim against Glaxo Wellcome is also barred. 735 ILL. COMP. STAT. 5/13-202 (2002).

### III.

Defendants' motion for reconsideration is GRANTED. Ms. Holmes' leave to file a second amended complaint is DENIED.