NANCY J. BRANDEN, Plaintiff-Appellant, *v.* MELVIN GERBIE *et al.*, Defendants.—(ORTHO PHARMACEUTICAL, INC., Defendant-Appellee.)

First District (1st Division)   No. 77-867

Opinion filed June 26, 1978.

Albert Brooks Friedman, of Chicago (Fred M. Ellis, Jr., of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Thomas F. Tobin, and John T. Rank, of counsel), for appellee.

Mr. JUSTICE O'CONNOR delivered the opinion of the court:

Nancy J. Branden (plaintiff) filed a three-count complaint on January 28, 1975, alleging that she suffered personal injury from an intra-uterine device (IUD) which was inserted on or before February 10, 1973, and removed on February 15, 1973. She alleged that her injury resulted from the negligence of Dr. Melvin Gerbie, her physician (count I) and of Northwestern Memorial Hospital where she was treated (count II). She further alleged that A. H. Robins Company, Inc., the manufacturer of the device, was strictly liable in tort for her injury (count III). On February 26, 1975, A. H. Robins Company, Inc., answered, denying that it manufactured the device used.

On May 25, 1976, plaintiff's attorney sent Ortho Pharmaceutical, Inc. (Ortho), notice that the IUD inserted was a Lippes Loop manufactured by Ortho and that plaintiff would bring a lawsuit against Ortho under the warranty provisions of the Uniform Commercial Code.

On December 14, 1976, plaintiff filed an amended complaint. Count III alleged that her injury was proximately caused by Ortho's breach of an implied warranty. Ortho moved to dismiss on the ground that the suit was not timely filed. The circuit court dismissed for failure of plaintiff to meet the notice requirements of *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550, and for the reason that the applicable statute of limitations had expired before the filing of the action against Ortho. Judgment was entered for Ortho.

Plaintiff appeals, arguing that (1) the applicable statute of limitations had not run, (2) notice was not required in order that plaintiff maintain

her cause of action, and (3) if notice was required, plaintiff gave defendant timely notice.

Plaintiff argues that the trial court wrongfully applied the 2-year statute of limitations for personal injuries (Ill. Rev. Stat. 1975, ch. 83, par. 15) instead of the applicable 4-year statute of limitations for breach of an implied warranty (Ill. Rev. Stat. 1975, ch. 26, par. 2—725(1)). We agree.

■■ Plaintiff's amended complaint, predicated on the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—315), alleged the breach of an implied warranty. Under *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550, the applicable statute of limitations is set out in section 2—725(1) of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—725(1)). That section provides:

> "(1) An action for breach of any contract for sale must be commenced within 4 years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it."

The IUD manufactured by Ortho was inserted and removed in February 1973. The amended complaint was filed on December 14, 1976, less than 4 years later. The trial court incorrectly held that the applicable statute of limitations had expired before the filing of the amended complaint.

Plaintiff next contends that the trial court incorrectly held that notice is an essential element of a cause of action based upon the breach of an implied warranty. On the contrary, the circuit court in this regard correctly followed *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550.

Section 2—607(3)(a) of the Uniform Commercial Code (Ill. Rev. Stat. 1975, ch. 26, par. 2—607(3)(a)) provides:

> "(3) Where a tender has been accepted
> (a) the buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."

In *Berry*, the court said:

> "We reject plaintiff's construction of section 2—607(3)(a) as applied to the Association. A statute of limitations is designed to afford an opportunity to prepare a defense. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 125.) The acceptance of section 2—725(1) as the appropriate limitation period for actions involving personal injuries predicated on Code liability substantially extends the filing period for such actions beyond the traditional limitation period established by section 14 of the Limitations Act. We believe that the notification procedure is therefore proper if such theory of liability is advanced. To hold otherwise might permit a defendant to be confronted with stale

claims thereby preventing the marshaling of evidence for a defense. It would also countenance a selective disregard of various requirements set forth in the Code based solely upon the nature of the action. If the Code is the basis of recovery, a plaintiff will not be permitted to fulfill only certain requirements while neglecting others. Our disposition as to the necessity of notice has been accepted in other jurisdictions which have considered cases involving personal injuries. *Redfield v. Mead, Johnson & Co.* (Ore. 1973), 512 P.2d 776, 781; *San Antonio v. Warwick Club Ginger Ale Co.* (1968), 104 R.I. 700, 248 A.2d 778." 56 Ill. 2d 548, 555-56.

Plaintiff finally contends that the notice sent to Ortho on May 25, 1976, complied with section 2—607(3)(a) in that it notified the seller of the breach "within a reasonable time after he discovers or should have discovered" the breach.

■■  Plaintiff concedes that she discovered the breach soon after the IUD was inserted in February 1973. She did not give notice to Ortho until the latter part of May 1976—a period of 39 months. Ortho argues that this was not "within a reasonable time" after the discovery of the breach. Plaintiff contends that until she discovered that Ortho was the manufacturer she could not give notice and that since she did not obtain this information until May 1976, her notice within 2 weeks thereafter was "within a reasonable time." By this argument she adds the element of "identity" to her discovery of the breach. The statute, however, speaks only of the discovery of the breach, without any requirement as to the identity of the breacher. But even if we assume that the identity of the one guilty of the breach is an essential element for the giving of notice, plaintiff is not helped.

Her original suit, filed January 28, 1975, named Robins as the manufacturer. On February 26, 1975, Robins filed an answer denying it was the manufacturer. Section 2—607(3)(a) requires that the seller be notified of the breach "within a reasonable time after he [buyer] discovers or *should have discovered*" the breach. The answer of Robins put plaintiff on notice that she had sued the wrong manufacturer. It was not until 15 months later, in May 1976, that she gave notice to Ortho. There is nothing in the record to indicate what, if any, steps were taken by plaintiff during that interval to ascertain the correct manufacturer.

Courts have found delays of varying periods of time unreasonable as a matter of law in applying section 2—607(3)(a) of the Uniform Commercial Code; *e.g., San Antonio v. Warwick Club Ginger Ale Co.* (1968), 104 R.I. 700, 248 A.2d 778 (one year); *Jarstad v. Tacoma Outdoor Recreation, Inc.* (1974), 10 Wash. App. 551, 519 P.2d 278 (14 months). Under a provision of the Uniform Sales Act similar to section 2—607(3)(a), a six-month delay was held unreasonable in *Wilke Metal*

142

*Products, Inc. v. David Architectural Metals, Inc.* (1968), 92 Ill. App. 2d 265, 236 N.E.2d 303.

■■■ In view of the record before us and assuming that identity is an element of a breach, only one inference can be drawn—that is, that the delay of 15 months in giving notice was not, as a matter of law, within a reasonable time after plaintiff should have discovered the breach. 3 Williston on Sales §22.11, at 304 (4th ed. 1974); see *Wilke Metal Products, Inc. v. David Architectural Metals, Inc.* (1968), 92 Ill. App. 2d 265, 236 N.E.2d 303, and *Lynx, Inc. v. Ordnance Products, Inc.* (1974), 273 Md. 1, 327 A.2d 502.

Although the trial court applied the wrong statute of limitations, plaintiff's failure to give timely notice to defendant Ortho was a sufficient reason to dismiss the complaint and enter judgment for defendant.

Judgment affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.