RUTH LUBERSHANE, Plaintiff-Appellant, *v.* THE VILLAGE OF GLENCOE, *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 77-1331

Opinion filed August 15, 1978.—Rehearing denied September 19, 1978.

Maxwell Lubershane, of Chicago, for appellant.

G. Kent Yowell, of Northbrook (Littlejohn, Glass & Yowell, of counsel), for appellees.

Mr. JUSTICE DOWNING delivered the opinion of the court:

In this action plaintiff seeks to compel the Village of Glencoe to issue to her a permit to build a single-family residence on property owned by her within the Village. The issue on appeal is whether the plaintiff's 35-foot by 190-foot lot is exempt from the minimum area and width requirements of the local zoning ordinance for the construction of a single-family residence in an area zoned as a "C" residential district. Plaintiff appeals from an order of the trial court on May 3, 1977, dismissing her complaint for want of equity.

In a plat of survey dated April 1, 1883, and recorded in the office of the recorder of deeds of Cook County, Illinois, on October 11, 1883, lot 32 in Browne's Subdivision of the Southwesterly 450 feet of Block 20 in the Village of Glencoe, Illinois, was established as a parcel of real estate 50 feet in width by 190 feet in depth, a total of approximately 9,500 square feet.

On May 9, 1921, the Village of Glencoe adopted a zoning ordinance classifying lot 32 and the surrounding area as a "C" residential district. Under the ordinance, a minimum lot size for single family dwellings in a "C" residential district was established to be 1/5 acre (8,712 square feet). On August 10, 1922, Ida Isabel Browne, the owner of lot 32 and contiguous lots 30, 31, and 33, conveyed lot 33 and the northerly 15 feet of lot 32 to the Cunninghams, who subsequently constructed thereon a house and a garage. A portion of the garage rests on the portion of lot 32 conveyed to the Cunninghams.

On April 9, 1931, the Village amended its zoning ordinance to establish 8,700 square feet as the minimum lot size for single family dwellings in a "C" residential district. The amended ordinance further provided:

"[E]xcept that a single family dwelling may be erected on any lot of less area provided that such lot shall have been duly recorded in a plat or deed prior to the passage of this amended ordinance."

In 1940, the ordinance was again amended to add the requirement that "C" residence district lots have a minimum average width of 50 feet. The amended ordinance retained the exemption for lots "duly recorded in a plat or deed prior to April 9, 1931."

In 1941 and 1942, Ida Browne and subsequently her estate, conveyed lots 31 and 30, respectively. Houses were then constructed on each, leaving the remainder of lot 32 as the only vacant parcel of the four lots originally owned by Ida Browne. Lot 32 remains vacant to this day. The remainder of lot 32 has a 35-foot frontage on Vernon Avenue and a total depth of 190 feet. The area of lot 32 today, therefore, is 6,650 square feet.

The present zoning ordinance of the Village of Glencoe, adopted on August 20, 1959, still classifies lot 32 in a "C" residential district. Property within this classification may be used for single-family dwellings, places of public worship, public grade or prekindergarten schools; private elementary schools; private secondary schools and colleges; parks, playgrounds, municipal buildings and uses, including public libraries; railroads or railroad passenger stations; and temporary construction buildings. The current ordinance establishes a minimum lot area for a single-family dwelling of 10,000 square feet, and a minimum average width of 60 feet. As with previous amendments, the current ordinance exempts lots recorded in a plat or deed prior to April 9, 1931.

In March of 1972, plaintiff became the owner of lot 32. She applied for, and was denied, a permit to construct a single-family residence thereon. The basis for the denial of the permit was that the lot met neither the minimum frontage and area requirements, nor was it a lot of record prior to April 9, 1931.

Plaintiff then commenced this action seeking to enjoin the Village from enforcing its zoning ordinance. Her original prayer for relief sought a decree that certain specified sections of the Glencoe zoning ordinance were unreasonable, discriminatory, confiscatory, and invalid; an injunction against the enforcement of the ordinance to prohibit use of her lot as a building site; and for such further relief as equity may require. Plaintiff later amended her prayer for relief. The amended prayer sought a decree that the preference shown by the ordinance for lots of record prior to April 9, 1931, over her lot is unreasonable, arbitrary, and a denial of equal protection of the laws. Plaintiff sought an order that defendants treat her lot as if it were "a lot duly recorded in a plat or deed prior to April 9, 1931."

Defendants answered the complaint, denying its material allegations and setting forth, as affirmative material, the history of lot 32 and the Glencoe zoning ordinance. Defendants alleged that the provision in the ordinance exempting lots of record prior to April 9, 1931, was nothing more than a "grandfather clause" which was not a denial of due process or equal protection. Defendants also alleged that plaintiff's predecessor in title rendered the lot substandard as a building site in 1922 by conveying the northerly 15 feet thereof to the grantees of lot 33; that plaintiff could not acquire rights greater than those of her predecessor in title; and that

any hardship to plaintiff was self-created, as she purchased the lot in 1972 with notice of the zoning restrictions.

A hearing on plaintiff's complaint was held on May 3, 1977. Following that hearing, the trial court granted the Village's motion to dismiss the complaint for want of equity, and this appeal followed.

## I.

Before the trial court, plaintiff argued that the Glencoe zoning ordinance, if applied to preclude construction of a house on her lot, was a violation of her rights to due process and equal protection of the laws. At the same time, her prayer for relief sought an order that defendants treat her lot as if it were a lot "duly recorded in a plat or deed prior to April 9, 1931." In her brief to this court, plaintiff has completely abandoned her constitutional challenge to the ordinance, stating that: "The exemption of 'lots of record' is nonetheless a valid exercise of the powers granted to the Village of Glencoe to set standards for area and dimension * * *." The theories she urges on behalf of her prayer for relief are confusing and of little help to this court.

The Village contends that plaintiff may not change the theory of her case on appeal, and that the only issue before this court is the constitutionality of the ordinance.

As the plaintiff has conceded the constitutionality of the ordinance, that issue is not before this court, and we will not consider it. However, we are of the opinion that it was error for the trial court to dismiss plaintiff's complaint because the pleadings, admissions, and records on file demonstrate conclusively that lot 32 in its present form is a lot "duly recorded in a plat or deed prior to April 9, 1931."

■■ Article VI ("C" Residence District Regulations), section 7 of the present zoning ordinance of the Village of Glencoe provides, in relevant part:

> "No dwelling shall hereafter be erected on any lot of less than 10,000 square feet in area, nor less than sixty (60) feet in average width, * * * except that a single family dwelling may be erected on any lot of less area or less width provided that such lot shall have been duly recorded in a plat or deed prior to April 9, 1931."

Paragraph 13 of plaintiff's complaint alleged that the "subdivision" of which this parcel is a part was recorded in a plat of survey dated April 1, 1883, and recorded on October 11, 1883, in the office of the recorder of deeds of Cook County as document number 500865. The Village admitted these allegations in its answer. Furthermore, in its brief to this court, the Village states: "Lot 32 of which plaintiff's lot was a part, was originally plated in a Plat of Survey, dated and recorded in 1883." The

parties are thus in agreement, and we take judicial notice of the fact,[1] that lot 32 was originally recorded in a plat of survey prior to April 9, 1931.

It is also a matter of public record, and we judicially note, that the northerly 15 feet of lot 32 was conveyed by the original owner to a third party prior to April 9, 1931. Thus, on April 9, 1931, the effective date of the amended ordinance, the status of lot 32 as a parcel of real estate 35 feet by 190 feet, its present dimensions, was already a matter of public record.

■■ The construction of terms used in a zoning ordinance is for the purpose of ascertaining the intention of the legislative body; and if its intention is expressed in clear and unmistakable terms, there is no need for construction, and the court must declare and enforce a law as enacted. The entire statute must be considered when the legislative intent is to be ascertained. Zoning ordinances are in derogation of the common law so that any ambiguity or uncertainty must be decided in favor of the property owner. See *County of Lake v. Gateway Houses Foundation, Inc.* (2d Dist. 1974), 19 Ill. App. 3d 318, 324-25, 311 N.E.2d 371, and cases cited therein.

The Village suggests that the exemption was created to provide for the reasonable expectations of owners of "lots of record" that they would be able to build on their lots. It is argued that because plaintiff's predecessor in title rendered lot 32 "unbuildable," she could not have had (and plaintiff may not claim) any reasonable expectation of ever building on the remnant. Thus, it is argued, the exemption is inapplicable.

■■ ■ Although the municipal legislators may have had a certain understanding at the time of the passage of a zoning ordinance, if that understanding is unexpressed, it may not be permitted to overcome the clear meaning and legal effect of the ordinance. (8 McQuillin, The Law of Municipal Corporations §25.71, at 178 (3d rev. ed. 1976).) Although it was the act of Ida Browne which caused the lot to become less than 1/5 acre, the minimum area required by the 1921 ordinance, the subsequent amendment of the ordinance in 1931 was expressed in unqualified terms: a single-family residence may be built on a lot of less area than 8,700 square feet provided that it was duly recorded in a plat or deed prior to April 9, 1931. There is no expression of an intention to limit the effect of the exemption to those persons only who had reasonable expectations of building a single family residence.

■■ The issue becomes simply whether the recordation of a warrant deed conveying lot 33 and the northerly 15 feet of lot 32 meets this requirement.

---

[1] This court may take judicial notice of matters shown in public records. See Ill. Rev. Stat. 1977, ch. 51, pars. 48a and 48b, and ch. 116, par. 43.103; *Nordine v. Illinois Power Co.* (1965), 32 Ill. 2d 421, 428, 206 N.E.2d 709; *O'Laughlin v. City of Chicago* (1st Dist. 1975), 28 Ill. App. 3d 766, 770, n. 8, 329 N.E.2d 528, *aff'd* (1976), 65 Ill. 2d 183, 357 N.E.2d 472.

We think that it does. The purpose of the recording act (Ill. Rev. Stat. 1977, ch. 30, par. 27) is to give persons the opportunity to ascertain the status of title to property. (*Kovacevic v. City of Chicago* (1st Dist. 1977), 47 Ill. App. 3d 674, 678, 365 N.E.2d 104.) The appearance of the warranty deed of August 10, 1922, conveying the northerly 15 feet of lot 32 to the Cunninghams in the chain of title to lot 32 would constitute sufficient notice to interested persons on April 9, 1931, that lot 32 was no longer a lot of 50 by 190 feet as originally platted and recorded in 1883, but a lot of 35 by 190 feet. To insist, as does the Village, that in order to qualify for the exemption, it was necessary for plaintiff's predecessor in title to record another plat of survey or a deed describing the reduced dimensions of the lot between August 10, 1922, and April 9, 1931, is to be unduly harsh and overly technical. The plat setting forth lot 32 and the deed conveying the north 15 feet of lot 32 were both of record prior to April 9, 1931.

In *Wehrmeister v. Carlman* (2d Dist. 1958), 17 Ill. App. 2d 171, 149 N.E.2d 453, the court overlooked the fact that the parcel of property upon which the plaintiff desired to build a house consisted of the east one-half of his four lots as originally platted, in applying a similar exemption. There, the plaintiff, the owner of four contiguous lots, had been prevailed upon by the local officials to build one house on the west one-half of his four lots, and one house on the east one-half, rather than one house each on two lots as originally planned. Subsequent to the erection of the first house, the local authorities enacted a zoning ordinance requiring a minimum area greater than the remaining one-half of the four lots, but exempting lots of record prior to the effective date of the ordinance. The second district of this court held that the east one-half of the four lots as originally platted came within the exemption created by the ordinance. 17 Ill. App. 2d 171, 180.

In *Galpin v. Village of River Forest* (1962), 26 Ill. 2d 515, 187 N.E.2d 233, our supreme court construed a zoning ordinance similar to that at bar in holding that a lot was not a lot of record within the purview of the ordinance because the original plat of survey did not show the particular lot in question. In the case at bar, lot 32 *was* identified on the original plat of survey recorded in 1883.

■■ Although plaintiff's predecessor in title caused the lot in question to become smaller in area than the 1921 Glencoe zoning ordinance required for the construction of a single family residence in a "C" residential district, the amendment to the ordinance in 1931 clearly changed that status. In acquiring title to lot 32 in 1972, plaintiff acquired the right of her predecessor in title to build on the lot. (See *Builders Supply & Lumber Co. v. Village of Hillside* (1st Dist. 1960), 26 Ill. App. 2d 458, 462, 168 N.E.2d 801.) Accordingly, the order of the circuit court of Cook County dismissing plaintiff's complaint for want of equity is reversed and judgment is hereby entered for the plaintiff. If the plaintiff is able to

comply with the remaining requirements for the issuance of a building permit, such permit shall be issued by the Village forthwith.

Reversed.

STAMOS, P. J., and BROWN, J., concur.