LESLEY WAGMEISTER, Plaintiff-Appellant, *v.* A. H. ROBINS COMPANY *et al.*, Defendants-Appellees.

First District (5th Division)   Nos. 76-1102, 76-1611 cons.

Opinion filed September 15, 1978.—Rehearing denied November 8, 1978.

Scheffres & Scheffres and Zaidenberg, Hoffman & Schoenfeld, both of Chicago (Alan J. Scheffres, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Harry J. O'Kane, William J. Linklater, and Charles B. Lewis, of counsel), for appellee A. H. Robins Company.

William D. Maddux, Ltd., of Chicago (Brian C. Fetzer and Jerald A. Kessler, of counsel), for appellee Dr. Ernest Nora.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an appeal from two orders, one entered June 2, 1976, dismissing A. H. Robins Company (hereinafter "Robins"), the other entered September 24, 1976, dismissing Dr. Ernest Nora. Plaintiff contends: (1) that the court below erred in dismissing Robins without first hearing evidence; and (2) that the four-year statute of limitations applicable to breach of implied warranty actions is applicable in the case at bar. We affirm.

On June 2, 1975, plaintiff filed a complaint against defendants. In substance, the complaint alleged that Robins manufactured a birth control device known as the Dalkon shield and that on August 22, 1972, Dr. Nora, plaintiff's physician, implanted a Dalkon shield within plaintiff. Despite the device, plaintiff became pregnant. She learned of her condition on October 31, 1972, during another visit to her doctor. On February 19, 1973, plaintiff delivered a stillborn baby and was found to have a septic condition. The complaint also alleged various negligent acts by both defendants, that Robins warranted that the device was safe for use, and a breach of this warranty by Robins. Dr. Nora answered the complaint and asserted that the statute of limitations for malpractice barred the complaint. Robins filed a motion to dismiss which was based in part on the ground that plaintiff had failed to give the required timely notice of her breach of warranty action.

On July 18, 1975, the complaint was dismissed. However, plaintiff was granted leave to file an amended complaint. An amended complaint was filed on August 14, 1975. This complaint was dismissed on Robins' motion on September 8, 1975, but plaintiff was again given leave to file another complaint.

On September 26, 1975, plaintiff sent notice to both defendants notifying them of a claim for breach of warranty. Then on October 9, 1975, a second amended complaint was filed by plaintiff. The allegations

contained therein were much the same as those in the first two complaints with the exception that plaintiff additionally alleged service of notice on both defendants of the breach of warranty claim.

On December 15, 1975, Robins filed a motion to dismiss the second amended complaint. The motion was granted but once again leave was given to file another complaint.

Finally, a third amended complaint was filed by plaintiff on April 8, 1976. Dr. Nora answered and Robins filed another motion to dismiss, essentially alleging failure to provide timely notice. On June 2, 1976, an order was entered granting Robins' motion. This order did not affect Dr. Nora. An appeal from this order was commenced and it comes to this court as cause number 76-1102. Thereafter, on September 9, 1976, Dr. Nora filed a motion to dismiss the third amended complaint as it pertained to him, alleging failure to comply with the two-year statute of limitations governing personal injury claims. His motion was allowed on September 24, 1976. An appeal from the order allowing the doctor's motion was subsequently commenced and it comes to this court as cause number 76-1611. After perfecting the appeals, plaintiff moved for consolidation of the two causes and we granted her motion.

OPINION

Plaintiff contends that the court below erred in dismissing Robins from the third amended complaint on the ground of a failure to give reasonable and timely notice of the alleged breach of implied warranty because no evidence had been introduced on the issue. Section 2—607(3)(a) of the Uniform Commercial Code—Sales (Ill. Rev. Stat. 1977, ch. 26, par. 2—607(3)(a)) imposes a duty upon a buyer who has accepted goods to give notice of an alleged breach of an implied warranty to the seller within a reasonable time after he discovers, or should have discovered, the breach or be barred from any remedy. (See *Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550.) An evaluation of whether this requirement has been complied with must be based upon the factual setting of each case and the circumstances of the parties involved. (See *Berry*, 56 Ill. 2d 548, 556, 309 N.E.2d 550.) For purposes of consideration of a motion to dismiss a complaint, all facts well pleaded are taken as true. (See *Sierens v. Clausen* (1975), 60 Ill. 2d 585, 589, 328 N.E.2d 559.) In the instant case, well-pleaded facts in the complaint show that on October 31, 1972, plaintiff learned that the contraceptive device failed. Then on February 19, 1973, she delivered a stillborn baby. We agree with Robins that the nature of this event is such that it is unbelievable that plaintiff was not aware of the alleged breach of warranty at that time. At the very least, she should have been aware of, discovered, detected, and known of the breach at that time. On September 26, 1975, plaintiff gave notice to both

defendants of an alleged breach of warranty. Thus, Robins received notice of the alleged breach some 30 months after delivery. Under these circumstances, we hold as a matter of law that the notice does not satisfy section 2—607(3)(a).

Plaintiff also contends that the statute of limitations applicable to breach of implied warranty actions is applicable in the case at bar. Consequently, plaintiff reasons, where, as here, the manufacturer and the dispenser of a product are sued for personal injuries resulting from a breach of implied warranty, a four-year statute of limitations is applicable. (Ill. Rev. Stat. 1977, ch. 26, par. 2—725.) Even if we accepted plaintiff's position, plaintiff would still have the obligation to satisfy section 2—607(3)(a). We hold that she did not do so. Therefore we find her position unpersuasive.

Accordingly we affirm the orders of the Circuit Court of Cook County.

Affirmed.

LORENZ and MEJDA, JJ., concur.