**Diana RATKOVICH, By and Through her legal guardian, John RATKOVICH, Plaintiff,**

**v.**

**SMITHKLINE and French Laboratories, a Division of Smithkline Beckman Corporation, and McNeil Pharmaceutical, a Division of McNeilab, Inc., Defendants.**

**No. 88 C 3758.**

United States District Court, N.D. Illinois, E.D.

April 12, 1989.

James T. Ball, Goldberg & Goldberg, Michael W. Davis, Sidley & Austin, Chicago, Ill., for plaintiff.

Thomas R. Nelson, Baker & McKenzie, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

KOCORAS, District Judge:

This case comes before the Court on defendant Smithkline's Motion to Dismiss Counts XXXIII and XXXIV of plaintiff's Amendment to her Complaint. For the following reasons, defendant's motion is granted.

## DISCUSSION

On March 5, 1988, plaintiff Diana Ratkovich filed a 32 count Complaint in the Circuit Court of Cook County against defendants Smithkline and French Laboratories, charging them with liability for brain damage she suffered *in utero* when her mother ingested Dexadrine, a drug manufactured by Smithkline. Counts III and IV of the Complaint sought recovery under the Uniform Commercial Code for alleged breaches of implied warranties of merchantability and fitness for a particular purpose. Ill. Rev.Stat. ch. 26 §§ 2–314, 2–315. The cause was removed to this Court based on diversity of citizenship. In this Court, Counts III and IV were dismissed on September 15, 1988 because Article II of the UCC only applied to transactions occurring after July 1, 1962, and the transactions at issue occurred prior to that date. Thereafter, plaintiff filed an Amendment to her Complaint, adding Counts XXXIII and XXXIV. These Counts allege breaches of the implied warranties of merchantability and fitness for a particular purpose under Section 15 of the Illinois Sales Act. Defendant alleges that plaintiff has failed to properly allege the requirements of Section 15 and moves to dismiss Counts XXXIII and XXXIV.

The defendant first asserts that Section 49 of the Sales Act places restrictions on the availability of plaintiff's remedies under Section 15. Section 49 provides:

In the absence of express or implied agreement of the parties, acceptance of the goods by the buyer shall not discharge the seller from liability in damages or other legal remedy for breach of any promise or warranty in the contract to sell or the sale. But, if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know of such breach, the seller shall not be liable therefore.

Defendant argues that Section 49 requires plaintiff to notify the defendant of its breach within a reasonable time after plaintiff discovered or should have discovered the breach. Smithkline maintains that plaintiff should have discovered the breach and notified Smithkline thereof in fewer than 28 years after plaintiff's birth, and thus, the notice provided to Smithkline is unreasonable. The plaintiff argues that Section 49 does not apply in this case because: 1) this is a personal injury case, not a commercial case; and 2) the drug was purchased by plaintiff's mother from someone other than the seller, and Section 49 requires the *buyer* to notify the *seller.*

Since this Court is sitting in diversity, we must apply Illinois law in determining whether plaintiff is bound by the notice requirement of Section 49 and if so, whether plaintiff's notice was reasonable. This Court is bound by Illinois Supreme Court decisions on point. However, if the Illinois Supreme Court has not yet made a determination, this Court should consider decisions of the Illinois Appellate Court controlling unless convinced that the Illinois Supreme Court would decide otherwise if faced with the issue. *See In re Air Crash Disaster Near Chicago, Illinois,* 771 F.2d 338, 339 (7th Cir.1985).

■ Here, no Illinois Supreme Court case exists which discusses the applicability of Section 49 to a personal injury action where the plaintiff is a non-buyer and the defendant is a non-seller. However, this court finds, and the parties agree, that cases interpreting the modern counterpart of Section 49, Section 2–607(3)(a) of the Uniform Commercial Code, are persuasive authority for the interpretation of Section 49. In fact, Illinois Code comment to Ch. 26 Section 2–607(3)(a) states, "This paragraph of the subsection continues the rule of U.S.A. (Uniform Sales Act) Sec. 49 with respect to the requirement of notice to the seller of the claimed breached."

438

In interpreting Section 2–607(3)(a) of the UCC, the Illinois Supreme Court has found that notice is a prerequisite to recovery on implied warranty theories in a personal injury action. *Berry v. G.D. Searle & Co.,* 56 Ill.2d 548, 309 N.E.2d 550 (1974). In *Berry,* the plaintiff brought a cause of action for breach of implied warranties against Planned Parenthood Association when the contraceptives the Association sold her allegedly resulted in plaintiff suffering a stroke and paralysis. The Association moved to dismiss the Complaint arguing that the Complaint did not properly allege reasonable notification. The plaintiff argued that notification was unnecessary where the action involved the sale of goods for human consumption and that the notification requirement should only be applied in commercial transactions.

The Illinois Supreme Court rejected plaintiff's contentions and held that the notification procedure was proper in personal injury cases. The Court reasoned that the notification requirement afforded the defendant an opportunity to prepare its defense and prevented the prosecution of stale claims. The Court further stated:

> To hold otherwise ... would also countenance a selective disregard of various requirements set forth in the Code based solely upon the nature of the action. If the Code is the basis of recovery, a plaintiff will not be permitted to fulfill certain requirements while neglecting others.

*Berry,* 56 Ill.2d at 555–6, 309 N.E.2d 550. Therefore, in light of the *Berry* decision, this Court finds that Section 49 is applicable in personal injury cases.

■ Ratkovich next asserts that Section 49 should not apply here because she was not the "buyer" of the product and the defendant was not the seller. This argument is without merit. First, Comment 5 to UCC § 2–607(3)(a) provides that "... this section does extend to requiring the beneficiary to notify the seller that an injury has occurred." Thus, it is quite clear that the drafters of the UCC intended the notice provision to extend to third-party beneficiaries. In addition, in the cases following *Berry, supra,* the plaintiffs were required to give reasonable notice to their respective manufacturer—defendants. *See Wagmeister v. A.H. Robins,* 64 Ill.App.3d 964, 21 Ill.Dec. 729, 382 N.E.2d 23 (1st Dist.1978) (Court required plaintiff to give reasonable notice of breach of implied warranty to manufacturer of birth control device); *Malawy v. Richards Manufacturing Co.,* 150 Ill.App.3d 549, 103 Ill.Dec. 355, 501 N.E.2d 376 (5th Dist.1986) (Court held that notice given by plaintiff to manufacturer of a bone plate was reasonable). Therefore, based on this authority, this Court believes that the Illinois Supreme Court would require plaintiff Ratkovich to give reasonable notice to Smithkline of its breach, and accordingly, we will require it here.

■ In light of the foregoing discussion, the only issue left for the Court to decide is whether plaintiff's Amendment to her Complaint adequately alleges that she notified Smithkline of its breach within a reasonable time. We conclude that it does not. Plaintiff failed to allege the date the breach occurred or that she provided Smithkline with any notice whatsoever.

Plaintiff argues, however, that she in fact gave notice to Smithkline immediately prior to filing suit and immediately upon plaintiff's parents realizing that the drug at issue caused the injury. This Court finds it virtually impossible to believe that plaintiff's parents were unaware of the possibility of Smithkline's breach of its implied warranties until 28 years after plaintiff was born with brain damage. Surely plaintiff's parents must have been considering the various possible causes of plaintiff's injury from the moment she was born. Thus, under these circumstances, this Court holds as a matter of law that the notice given here, 28 years after injury, does not satisfy Section 49.

Based on the foregoing discussion, the Court grants Smithkline's Motion to Dismiss Counts XXXIII and XXXIV of plaintiff's Amendment to her Complaint.