NO. 3--97--0334

                                                                 

IN THE 

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 1998

TERESA MALDONADO and MOISES ) Appeal from the Circuit Court MALDONADO  )  of the 12th Judicial Circuit,

    )  Will County, Illinois

Plaintiffs-Appellants,  )

  ) No. 94--L--13817

v.  )

    )

CREATIVE WOODWORKING CONCEPTS,  )

INC.  ) Honorable

  ) William McMenamin

Defendant-Appellee.  ) Judge, Presiding       

                                                                   
 

MODIFIED UPON DENIAL OF REHEARING

Justice BRESLIN delivered the opinion of the court:

                                                                  

Plaintiffs Teresa and Moises Maldonado appeal the trial court's dismissal of their complaint against defendant, Creative Woodworking Concepts, Inc. (Creative), for injuries suffered by Teresa while employed by the Empress River Boat Casino (Empress).  The trial court determined that the action was time-barred and dismissed the action with prejudice.  We reverse and remand. 

FACTS

On October 12, 1992, while employed as a waitress on the Empress, Teresa was injured by contact with an allegedly defective door in a bar counter built and installed by Creative pursuant to an agreement with the Des Plaines River Entertainment Corporation.  The Maldonados originally filed suit against several defendants on October 7, 1994, but did not name Creative in the complaint.  At that time, they did not know the identity of the door's manufacturer.  

On June 5, 1995, defendant Atlantic Marine Corporation filed for summary judgment claiming that Creative was responsible as it was the supplier of the bar doors.  Creative was named as a
 
respondent
 in
 
discovery
 pursuant to 
section 2-402 of the Code of Civil Procedure (Code) (735 ILCS 5/2-402 (West 1996) on August 12, 1995
).  On May 20, 1996, the plaintiffs filed an amended complaint and included Creative as a defendant.  The count against Creative alleged that: Teresa was injured by the bar door which was built by Creative; Creative had a duty to safely design the door; the absence of a hook or latch was a defect rendering the product unreasonably dangerous when it was in an upright position and the product was in such a condition when it left the defendant's control; defendant should have provided padding to soften any impact with a user; Teresa's injuries resulted from the failure to include a latch or safety mechanism for the door; upon completion of installation, an implied warranty of fitness for a particular purpose was created and Creative had a duty to build the door so that it was fit for the ordinary purpose for which it was used; Creative breached the implied warranty of merchantability by failing to provide a latch or hook to secure the door.

Creative moved to dismiss pursuant to 
section 2-619 of the Code (735 ILCS 5/2-619 (West 1996)) claiming that the action was barred by the two-year statute of limitations applying to personal injuries, and because the plaintiffs failed to transform Creative into a direct defendant rather than a
 
respondent in
 
discovery
 
within the statutory six month period established in 
section 2-402 (735 ILCS 5/2-402 (West 1996)).  The court granted the motion.  In doing so, the court found that the action was filed beyond the time permitted by the statute of limitations and the additional six month period provided by section 2-402.  The court also noted that Teresa had actual notice of her injury.  The plaintiffs' motion to vacate was denied and this appeal followed.

SCOPE OF REVIEW

An involuntary dismissal on the pleadings is proper only if it is clearly apparent that no set of facts can be proved which would entitle the plaintiff to recover. 
Grassini v. Dupage Township
, 279 Ill. App. 3d 614, 665 N.E.2d 860 (1996). 
 When reviewing the motion to dismiss, the court assumes that all well-pleaded facts in the plaintiff's complaint are true; however, conclusions of law and fact which are unsupported by factual allegations may be disregarded. 
Wood v. Village of Grayslake
, 229 Ill. App. 3d 343, 593 N.E.2d 132 (1992).
  On appeal, this court reviews the trial court's decision 
de
 
novo
 to determine whether a genuine issue of material fact should have precluded the dismissal. 
Kedzie & 103rd Currency Exchange, Inc. v. Hodge
, 156 Ill. 2d 112, 619 N.E.2d 732 (1993). 

DISCUSSION

Plaintiffs contend that the court erred by dismissing their complaint because it alleged a breach of warranty action under the Uniform Commercial Code (UCC), and that the applicable statute of limitations as provided in section 2-725(1) of the UCC
 (810 ILCS 5/2-725(1) (West 1996))
 was four years and had not yet expired.  The defendants assert, to the contrary, that the complaint was ambiguous and that the court could properly dismiss the action based on the two-year period of limitations for personal injuries
 (735 ILCS 5/13-202 (West 1996))
 because the complaint could be read to allege actions for negligence or product liability.  Creative asserts that the plaintiffs improperly lumped numerous separate causes of action in one count.

In support of its argument, Creative cites 
Knox College v. Celotex Corp.
, 88 Ill. 2d 407, 430 N.E.2d 976 (1981).  In 
Knox
, the court held that the trial court did not abuse its discretion by dismissing an ambiguous count that alleged different causes of actions, which in turn had different statutes of limitations.  The court stated that the trial court could attempt to avoid confusion by requiring unambiguous pleadings.  Thus, the court determined that the trial court's order to separate the counts, and subsequent dismissal following the plaintiff's refusal to comply, was not an abuse of discretion.

Knox
 is distinguishable from the present action.  In this  case, neither the court nor the defendants made an issue of the complaint's confusion.  Rather, Creative moved to dismiss what it argued was a count stating a cause of action for negligence or product liability.  In each case, Creative contended that dismissal was appropriate because the relevant statute of limitations had expired and the plaintiffs failed to file suit within the extra six month period permitted by the
 
respondent
 in 
discovery
 statute
 (735 ILCS 5/2-402 (West 1996)). 

A review of the count against Creative, which alleges that the door should have had a hook on it in order to be fit for its ordinary purpose, demonstrates that the plaintiffs stated the basic elements of a cause of action for breach of the implied warranty of merchantability under 
section 2-314(2)(c) of the UCC (810 ILCS 5/2-314(2)(c) (West 1996)
).  However, Teresa was not a party to the contract with Creative, and in order for her to benefit from the warranty she must fall within the scope of 
section 2-318 of the UCC (810 ILCS 5/2-318 (West 1996)
), which dictates when a non-party may claim to be a third-party beneficiary of an agreement's warranties.  In relevant part, section 2-318 states:

"A seller's warranty whether express or implied extends to any natural person who is in the family or household of his buyer or who is a guest in his home if it is reasonable to expect that such person may use, consume or be affected by the goods and who is injured in person by breach of warranty." 810 ILCS 5/2-318 (West 1996).

Although 
section 2-318 does not by its plain language extend coverage to Teresa in this instance, our courts have recognized that a warranty may also "extend[] to any employee of a purchaser who is injured in the use of the goods, as long as the safety of that employee in the use of the goods was either explicitly or implicitly part of the basis of the bargain when the employer purchased the goods." 
Whitaker v. Lian Feng Machine Co.
, 156 Ill. App. 3d 316, 321, 509 N.E.2d 591, 595 (1987); see also 
Wheeler v. Sunbelt Tool Co., Inc.
, 181 Ill. App. 3d 1088, 537 N.E.2d 1332 (1989). 

Creative argues that 
Whitaker
 and 
Wheeler
 are inapplicable in the instant matter because Teresa was employed by the Empress River Boat Casino Corporation.  Creative points out that the contract for sale was between itself and the Des Plaines River Entertainment Corporation, accordingly Creative had no relationship with Teresa that could give rise to liability under 
section 2-318.  However, records from the Illinois Secretary of State's Office, which are public records that this court may take judicial notice of (see 
Lubershane v. Village of Glencoe
, 63 Ill. App. 3d 874, 380 N.E.2d 890 (1978)), indicate that the Des Plaines River Entertainment Corporation is merely a corporate name previously used by Empress.  Thus, there is a relationship, and we find that Teresa's safety as an employee was implicit in the contract.  Therefore, we hold that she falls within the coverage of Creative's implied warranty of merchantability.

At this juncture, it is appropriate to mention the plaintiffs' contention that the contract was entered in Florida and provided that Florida law should govern the transaction.  Plaintiffs thus maintain that Florida law should be applied in this case.  We note that Florida courts would recognize Teresa as a beneficiary of an implied warranty. See 
Favors v. Firestone Tire & Rubber Co.
, 309 So.2d 69 (Fla. App. Ct. 1975).  Because the remaining issues concern procedural questions, we need not further address the effect of applying Florida law. 
Cox v. Kaufman
, 212 Ill. App. 3d 1056, 571 N.E.2d 1011 (1991).

As the saying goes, the plaintiffs are not out of the woods yet.  
Even though they
 filed the present case within the four-year time frame of 
section 2-725(1) of the UCC (810 ILCS 5/2-725(1) (West 1996)
), the applicable statute of limitations in this case
 (see 
Berry v. G.D. Searle & Co.
, 56 Ill. 2d 548, 309 N.E.2d 550 (1974))
,
 they failed to allege that they notified Creative of the defect as required by section 2-607(3)(a) of the UCC
 (810 ILCS 5/2-607(3)(a) (West 1996)).
  

Section 2-607(3)(a) imposes a duty upon every buyer who has accepted goods to give notice of an alleged breach of an implied warranty to his seller within a reasonable time after he discovers, or should have discovered, the breach lest his claim be barred from any remedy. 810 ILCS 5/2-607(3)(a) (West 1996); 
Wagmeister v. A.H. Robins Co.
, 64 Ill. App. 3d 964, 382 N.E.2d 23 (1978).  The notice requirement serves to provide a seller an opportunity to cure a defect and minimize damages
 (
J. White &
 
R.
 Summers,
 
Uniform Commercial Code § 11-10 at 481 (3d ed. 1988)), protect his ability to investigate a breach and gather evidence, and to encourage negotiation and settlement
 
(
Perona v. Volkswagen of America, Inc.
, 292 Ill. App. 3d 59, 684 N.E.2d 859 (1997)
).  In the context of an action involving personal injury, it also informs the seller of a need to make changes in its product to avoid future injuries. 4 Anderson,
 
Anderson on the Uniform Commercial Code
 § 2-607:6 at 224 (3d ed. 1985).  

In every action for breach of warranty, notice is an essential element
 (
Branden v. Gerbie
, 62 Ill. App. 3d 138, 379 N.E.2d 7 (1978)), and the failure to allege sufficient notice may be a fatal defect in a complaint alleging breach of warranty (
Connick v. Suzuki Motor Co.
, 174 Ill. 2d 482, 675 N.E.2d 584 (1996)).  Despite the fact that a plaintiff filed suit within the period described by section 2-725(1), he must also provide adequate notice under 
section
 2-607. 
Wagmeister
, 64 Ill. App. 3d at 967, 382 N.E.2d at 25.   

Plaintiffs insist that 
section
 2-607(3)(a) does not apply to non-buyers such as Teresa.  We disagree.  Section 2-607(3)(a) applies to all the various beneficiaries of an implied or express warranty in addition to the purchaser of the goods. See 810 ILCS 
Ann. 5/2-607,
 
Note
 5
, (West 
Supp.
 
1997); 
Ratkovich v. Smithkline
, 711 F. Supp. 436 (N.D. Ill. 1989); see also 
J.
 White & 
R.
 Summers, 
Uniform Commercial Code
 § 11-10 at 483-84 (3d ed. 1988).    

Turning to the prerequisites for adequate notice, section  2-607(a)(3) generally requires that the plaintiff contact the seller directly and inform the seller of the problems incurred with a particular product that he purchased. 
Connick
, 174 Ill. 2d at 494, 675 N.E.2d at 590.  If the problem relates to an injury, the plaintiff must notify the seller that an injury has occurred. 810 ILCS 
Ann. 5/2-607,
  
Note
 5
, (West 
Supp.
 
1997).  In doing so, the plaintiff is held to a standard of good faith. 810 ILCS 
Ann. 5/2-607,
  
Note
 5
, (West 
Supp.
 
1997).  When delay in notification does not result in prejudice to the defendant, it is not generally viewed as unreasonable. See 
Goldstein v. G.D. Searle & Co.
, 62 Ill. App. 3d 344, 378 N.E.2d 1083 (1978) (citing 
Pritchard v. Liggett & Myers Tobacco Co.
, 295 F. 2d 292 (3d Cir. 1961)).       

There are two exceptions to the rule.  Direct notice is unnecessary when (1) the seller has actual notice of the defect in a product, or (2) the seller is found to have been reasonably notified by the plaintiff's complaint alleging a breach of warranty. 
Connick
, 174 Ill. 2d at 492, 675 N.E.2d at 589.  Only the consumer plaintiff who has suffered a personal injury may satisfy the notice provisions of 
section
 2-607(3)(a) by filing a complaint alleging the seller's breach of warranty. 
Connick
, 174 Ill. 2d at 492, 675 N.E.2d at 590.  Whether sufficient notice has been provided is generally a question of fact to be determined based upon the particular circumstances of each case. 
Berry
, 56 Ill. 2d at 556, 309 N.E.2d at 555; 
Malawy v. Richards Manufacturing Co.
, 150 Ill. App. 3d 549, 501 N.E.2d 376 (1986); 
 
Wagmeister
, 64 Ill. App. 3d at 966, 382 N.E.2d at 25.  When no inference can be drawn from the evidence other than that the notification was unreasonable, the question can be decided by the court as a matter of law. 
Goldstein
, 62 Ill. App. 3d at 350, 378 N.E.2d at 1088.

Plaintiffs argue that sufficient notice was given in this case because they named Creative as a Respondent in Discovery as soon as they learned that Creative was the seller.  Additionally, they point out that they filed suit against Creative one year later.

As to plaintiffs first contention, the document naming Creative as a
 
respondent in
 
discovery
 did just that and nothing more.  It did not notify Creative of the problem with the bar door.  Thus, it did not amount to actual notice.  

But since this is a claim arising from a personal injury, the plaintiffs could provide notice by their complaint.  The complaint itself is clear in that it describes the transaction and informs Creative of the defect.  Although the complaint was not filed until 
three years and
 
seven
 months after the injury, we are cognizant of the difficulties the plaintiffs encountered in identifying Creative as the seller.  There is no explanation as to why the plaintiffs waited nearly one year to file suit against Creative once it had been identified by Atlantic Marine, but waiting over 11 months was not necessarily unreasonable.  It is not
 evident from the record that, once Creative was identified, the timeliness of the notice resulted in prejudice, nor is it evident that the delay was in bad faith.  
When asked at oral argument how Creative was prejudiced by the delay, counsel could provide no specific answer other than to say plaintiffs could have easily identified Creative on an earlier date and that the law will not protect those who sleep on their rights.  However, whether
 
Whether 
the plaintiffs slept on their rights in this circumstance, resulting in an unreasonable delay in notification, is a question properly left to the trier of fact.  Accordingly, we hold that the dismissal was improper because a genuine issue of material fact remained as to whether reasonable notice was given, and we remand this cause to the circuit court for further proceedings.  

For the foregoing reasons, the judgment of the circuit court of Will County is reversed and remanded.

Reversed and remanded.

HOMER, J., concur.

HOLDRIDGE, J., dissent.

JUSTICE HOLDRIDGE, dissenting:

 

     I respectfully dissent.  I would hold that the trial court properly dismissed the Maldonado's complaint against Creative Woodworking Concepts, Inc.  The Maldonado's complaint did not set forth separate counts for negligence, product liability and breach of implied warranty, each of which have a specific statute of limitations.  When different limitation periods apply to different causes of action in a complaint, and the statute of limitations could be determinative, each cause of action must be plainly set out in the pleading in separate counts.  
Knox College v. Celotex Corp.
, 88 Ill. 2d 407 (1981).  The trial court properly construed the ambiguous complaint as stating a cause of action in negligence 
or
 product liability, both of which are governed by a two-year statute of limitations.  I see no error in so holding, and I would affirm the trial court on that basis.  

For the foregoing reasons, I would affirm the ruling of the trial court and I dissent on that basis.      

FOOTNOTES
 
In its petition for rehearing, Creative complains that the court failed to properly address the application of section 2-725(2) 810 ILCS 5/2-725(2) (West 1996), which provides when a breach of warranty action accrues.  Although Creative had listed that as an issue in its brief, it did not argue its point and therefore the matter was waived. 157 Ill. 2d R. 341(e)(7).