No. 3--02--0253

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

THERESA MALDONADO, ) Appeal from the Circuit

) Court of the 12
th
 

Plaintiff-Appellant, ) Judicial Circuit, 

 ) Will County, Illinois

)

v. ) No. 94–L–13817

)

CREATIVE WOODWORKING ) 

CONCEPTS, INC. ) Honorable

) Lawrence C. Gray,

Defendant-Appellee. ) Judge Presiding

_________________________________________________________________

JUSTICE HOLDRIDGE delivered the Opinion of the Court:

                                                             ____

Plaintiff, Theresa Maldonado, appeals from a judgment of the circuit court of Will County, granting defendant's, Creative Woodworking Concepts, Inc. motion for summary judgment on plaintiff's claim for breach of express and implied warranties.  In a prior appeal, this court reversed the trial court's dismissal of plaintiff's cause of action based upon statute of limitations grounds.  See, 
Maldonado v. Creative Woodwork Concepts
, 296 Ill. App. 3d 935 (1998).  Following remand, the trial court entered summary judgment for defendant on the ground that the defendant, the manufacturer of a gate/door for a bar top, was not liable for plaintiff's injuries under breach of express and implied warranty counts as it had followed plans and specifications furnished by the owner of the bar.  
 In so finding, the trial court relied upon the holding of our supreme court in 
Hunt v. Blasius
, 74 Ill. 2d 203 (1978), wherein the court found that a manufacturer of an allegedly defective product was not liable in negligence for injuries to third parties where the manufacturer followed the design specifications it was given unless those specifications were so obviously dangerous that no competent contractor would follow them.  
Hunt
, 74 Il. 2d at 209.   We find that the trial court erred in granting summary judgment to the defendant.    

FACTS

Plaintiff was employed as a housekeeper on the Empress One Riverboat Casino.  On October 10, 1992, she was working in a bar area, cleaning the bar, when the bar gate or door fell on her right arm, resulting in serious injury.  The bar door at issue was a section of the bar that was hinged on one side so that it could be lifted upward, creating a passage for employees to go into or out of the area behind the bar.  When raised to allow passage, the door rested against a brass rail, but was not secured.  The record does not reflect the exact cause of the door's fall that resulted in plaintiff's injuries; however, there was some conjecture in the record that the rocking of the boat may have caused the door to fall.  

The entire bar, including the door, was manufactured and installed by defendant, Creative Woodworking Concepts, Inc.  Most of the construction of the bar was done at defendant's facility in Tarpon Springs, Florida.  Defendant then disassembled the bar, transported it to Joliet and installed it on the riverboat.  

Defendant performed pursuant to a contract with the riverboat owner, Des Plaines River Entertainment Corporation.  That contract set forth the work agreed upon as follows: "The Contractor [defendant] shall perform all the work required by the contract documents for provision, fabrication, and installation of the architectural millwork as specified by the owners and technical consultant."  The agreement further set forth that the "owner may by written instructions and/or drawings issued to the contractor make changes in the plans and specifications, issue additional instructions, require additional work, or omit any work previously required until a written change order is agreed upon by both the owner and the contractor."  The contract also contained a warranty provision stating: "Contractor warrants to owner that all materials and equipment furnished shall be new unless otherwise specified, and that all work under this contract shall be of good quality, free from fault and defects in accordance with the contract documents."   The contract noted that the plans and specifications under which defendant was to perform were issued by Directions in Design, Inc. (technical consultant) and Clyma & Associates (architects).  

Hal Roenick gave a discovery deposition, relevant portions of which were filed with defendant's motion for summary judgment.  Roenick was an officer and employee of defendant.  Roenick testified that the bar was manufactured at defendant's Florida facility following architectural drawings and specifications provided to defendant.  The drawings and specifications called for the presence of a lift-top swing gate in the bar.  However, there was no requirement that the swing gate have any type of locking or dampening mechanism.  Roenick further testified that defendant simply followed the design and plans given to it.  All plans were signed off on and approved by the owner's technical consultant and architect.  According to Roenick, defendant does not do any design work in-house.  Their sole responsibility was to meet the design specifications provided to it by the owner.  In this matter, the owner accepted defendant's work as in conformity with the drawings and specifications.    

Following remand, plaintiff filed a third amended complaint, alleging in count I a breach of express warranty and in count II a breach of implied warranty.  Defendant moved for summary judgment, maintaining 
inter
 
alia
 that it was not liable to any third parties where it merely followed the design specifications provided to it by the owner
.  Defendant relied upon 
Hunt v. Blasius
, which stands for the proposition that, in a negligence action, an independent contractor owes no duty to third parties with respect to products it manufactures if it is merely following plans and specifications furnished by the contracting party, unless the plans were so obviously dangerous that a reasonably prudent contractor would be put on notice that the product was dangerous and likely to cause injury.  
Hunt
, 74 Ill. 2d at 209.  Plaintiff maintained that 
Hunt
 is limited only to actions sounding in negligence and had no applicability to a breach of warranty action.  The trial court found the reasoning of the 
Hunt
 court should extend to claims sounding in breach of warranty and granted summary judgment to the defendant.  Plaintiff's motion for reconsideration was denied, and this appeal ensued.  

ANALYSIS

The sole issue on appeal is whether the trial court erred in entering summary judgment for the defendant based upon 
Hunt v. Blasius
.  An appellate court review of an order granting summary judgment is 
de
 
novo
.  
General Casualty Insurance Co. v. Lacey
, 199 Ill. 2d 281 (2002).  If a plaintiff fails to establish any element of a cause of action, summary judgment in favor of the defendant is proper.  
Flint v. Court Appointed Special Advocates of DuPage County, Inc.
, 285 Ill. App. 3d 152 (1996).  An appellate court may affirm summary judgment on any grounds which appear in the record, regardless of whether the trial court relied upon those same grounds.  
Leavitt v. Farwell Tower Partnership
, 252 Ill. App. 3d 260 (1993).  

As a preliminary matter, plaintiff maintains that this court must follow Florida law in its determination as to whether defendant owes a duty to this plaintiff.  Plaintiff notes that the contract between defendant and DesPlaines River Entertainment Corporation required that the contract would be "governed by the laws of the State of Florida [as] to both their interpretation and the performance of the Work thereunder."   Plaintiff maintains that, as the warranty flows from the contract, the choice of law clause contained in the contract should govern this action.  We disagree.  We note that the previous appeal in this action was decided under Illinois law; and therefore, under the law of the case doctrine, Illinois law should continue to govern in this subsequent appeal.  See, 
Hagopian v. Board of Education
, 83 Ill. App. 3d 1097 (1980).   Moreover, a choice of law or forum clause in a contract is not applicable to a non-party.  
See
 
American Specialty Systems, Inc. v. Chicago Metallic Corp.
,  
     
 F.3d 
     
 (2002 WL 406965) (N.D. Ill. 2002).  We therefore will resolve this matter by reference to Illinois law.    

Moving to the merits, plaintiff maintains that the trial court erred in granting defendant's motion for summary judgment based upon 
Hunt v. Blasius
.  
Hunt
 involved a claim for negligence against the manufacturer of a highway exit sign.  Plaintiffs therein were injured when the vehicle in which they were passengers struck the sign.  Plaintiffs alleged that their injuries would have been less severe had the sign been of a "breakaway" design so that it would have given way to the impact of the vehicle.  The court, after tracing the history of third- party liability and privity of contract, declared that the manufacturer of the sign owed no duty to third parties where it had followed the design specifications provided to it.  The court held: "An independent contractor owes no duty to third persons to judge the plans, specifications, or instructions which he has merely contracted to follow.  If the contractor carefully carries out the specifications provided him, he is justified in relying upon the adequacy of the specifications unless they are so obviously dangerous that no competent contractor would follow them."  
Hunt
, 74 Ill. 2d at 209.  The 
Hunt
 court then concluded that the defendant manufacturer could not be held liable in negligence for merely complying with the State's contract specifications.  

On appeal, the plaintiff herein maintains that the trial court erred in extending the holding in 
Hunt
 beyond causes of action sounding in negligence to those sounding in breach of warranty.   In support of this argument
, plaintiff points out that the 
Hunt
 court, after finding the manufacturer owed no duty to a third party where it had reasonably relied upon the specifications provided to it, then analyzed the plaintiffs' product liability claim against the manufacturer without regard to the defendant's reliance upon the design specifications.  
Hunt
, 74 Ill. 2d at 210.  Plaintiff posits that, had the 
Hunt
 court believed that the reasonable reliance upon supplied specifications defense, which it had just created, extended beyond a negligence action, it would have addressed this defense in its discussion of the product liability claim.  Instead, the 
Hunt
 court disposes of the product liability claim without any reference to reasonable reliance upon specifications.  The court merely notes that "[t]he elements of a cause of action in strict product liability, of course, differ markedly from their counterparts in negligence."  
Hunt
, 74 Ill. 2d at 210.  

We agree with the plaintiff that the doctrine in 
Hunt
 was intended to be limited to actions sounding in negligence.   Liability in negligence arises only if the defendant breaches a duty owed to persons whose injuries proximately resulted from the breach.  
Hunt
, 74 Ill. 2d at 210.  The 
Hunt
 court held that no such duty arose where 
a manufacturer  merely follows the specifications given to him.  However, we note that duty to a third party is not an element of breach of warranty actions.  As a basis for recovery under a breach of implied warranty of merchantability, a plaintiff must establish (1) a sale of goods, (2) that the seller of the goods is a merchant with respect to those goods, and (3) that the goods were not of merchantable quality (
i
.
e
., unfit for the ordinary purposes for which the goods are used).  
Crest Container Corp. v. R. H. Bishop Co.
, 111 Ill. App. 3d 1068, 1973 (1985).  To prove a breach of an implied warranty of fitness for particular purpose, a plaintiff must show (1) a sale of goods, (2) that the seller had reason to know of any particular purpose for which the goods are required, (3) that plaintiff, as buyer of the goods, was relying upon seller's skills or judgment to select suitable goods, and (4) that the goods were not fit for the particular purpose for which they were used.  
Crest Container Corp.
, 111 Ill. App. 3d at 1073-74.   Indeed, our courts have found that a cause of action for breach of an implied warranty requires only a showing that the goods are unmerchantable or unfit for their intended purpose, regardless of whether they contain a "defect."  
Malawy v. Richards Manufacturing Co.
, 150 Ill. App. 3d 549 (1986).   Since the only issue governing liability in an implied warranty action is whether the product meets the required standard of merchantability or fitness, it is not relevant that the seller did or did not follow particular plans or specifications.  The issue in a breach of warranty claim, as in a strict product liability action, is the condition of the product, not the conduct of the seller-manufacturer.  We hold that the trial court erred in granting summary judgment to the defendant based upon the contract specification defense, a defense that is not relevant to a breach of warranty cause of action.   
Defendant maintains that, regardless of the applicability of 
Hunt
, this court should nonetheless affirm the trial court's grant of summary judgment based upon an argument that the contract between Creative Woodworking and DesPlaines was not a contract for goods covered by the UCC warranties of fitness, but was instead a services contract.  Defendant argues that the contract was for the construction, fabrication, delivery and installation of a bar and that the contract was thus primarily for services and only incidentally for goods and that such contracts are not covered by the UCC.  See, 
Executive Centers of America, Inc. v. Bannon
, 62 Ill. App. 3d 738 (1978); 
J&R Electric Division v. Skogg
, 38 Ill. App. 3d 747 (1982).  Although the record seems to indicate that defendant herein was primarily providing services, 
i
.
e
., following the design specifications to construct, fabricate, deliver and install a bar, the question is primarily one of fact more than law.  Thus, we cannot say that a grant of summary judgment on that basis would be appropriate.

For the foregoing reasons, we find that the judgment of the circuit court of Will County granting summary judgment to the defendant was in error.  We reverse and remand this matter to the circuit court for further proceedings consistent with this disposition.  

Reversed and remanded.          

LYTTON and SLATER, JJ., concur