FEDERAL INSURANCE COMPANY, as Subrogee of Suburban Trust and Savings Bank, Plaintiff-Appellant, v. THE VILLAGE OF WESTMONT, Defendant-Appellee (Rockwell International et al., Defendants).

Second District   No. 2—94—1040

Opinion filed April 27, 1995.

Roger A. Bixby and Vasyl J. Markus, Jr., both of Bixby, Lechner & Potratz, P.C., of Chicago, for appellant.

Patricia L. Argentati and Maura W. Moore, both of O'Reilly, Cunningham, Norton & Mancini, of Wheaton, for appellee.

JUSTICE INGLIS delivered the opinion of the court:

Plaintiff, Federal Insurance Company, appeals the order of the circuit court of Du Page County granting the motion for summary judgment filed by defendant, the Village of Westmont. We reverse and remand.

Plaintiff was the insurer of the Suburban Trust & Savings Bank (Bank). The Bank was the owner of a building under construction in Westmont, Illinois. During the pendency of the construction, a water meter supplied by defendant leaked, causing substantial damage to the building. Plaintiff paid out $180,380.52 on the insurance policy and became subrogated to the rights of the Bank. Plaintiff subsequently filed a complaint against defendant seeking damages.

The water meter assembly in question was supplied by defendant. Whenever a developer applies for a building permit, it is required to provide defendant with a set of blueprints. From these blueprints, defendant determines the type of meter required and then sells an applicable meter to the developer. Defendant regularly buys and stocks the water meters for resale to developers. Defendant does not, however, inspect the meters before selling them to developers.

Plaintiff filed a complaint against Rockwell International, the manufacturer and designer of the meter, and defendant. Plaintiff alleged four theories of recovery against defendant, specifically: (1) products liability; (2) negligence; (3) breach of an implied warranty of merchantability; and (4) breach of an implied warranty of fitness for a particular purpose. Defendant filed a motion to dismiss the complaint, which the court granted as to the products liability count pursuant to section 2—621 of the Code of Civil Procedure. (735 ILCS 5/2—621 (West 1992).) The court denied the motion as to the warranty and negligence counts.

Defendant filed a motion for summary judgment, arguing that according to deposition excerpts defendant was not liable on the warranty counts. Defendant further argued that plaintiff could not recover under the Uniform Commercial Code (UCC) for noneconomic damages. The court granted defendant's summary judgment motion on all counts and found that there was no just reason to delay appeal or enforcement of the order. This timely appeal followed.

On appeal, plaintiff argues that noneconomic damages are recoverable in an action pursuant to the UCC and that plaintiff is entitled to damages because defendant breached certain implied warranties. We reverse and remand.

■ Resolution of this appeal hinges on whether consequential damages are recoverable pursuant to a warranty theory when those

damages are categorized as noneconomic damages. Noneconomic losses are defined as those damages which result from a product having a defect which causes personal injury and/or property damage as a result of a sudden and calamitous occurrence. (*Board of Education v. A, C & S, Inc.* (1989), 131 Ill. 2d 428, 441-42.) Economic loss has been defined as "damages for inadequate value, cost of repair and replacement of the defective product, or consequential loss of its profits." *Seegers Grain Co. v. United States Steel Corp.* (1991), 218 Ill. App. 3d 357, 369.

In the case at bar, the damages are the result of a water meter that failed, causing extensive flooding in the basement of a building under construction. We find these damages are properly categorized as noneconomic damages. Thus, we must examine whether they are recoverable pursuant to a contract theory of recovery.

■ The seminal case of *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, held that purely economic damages are not recoverable in an action based on tort because otherwise a manufacturer would be liable for business losses of other purchasers caused by a failure of its product to meet the specific needs of the purchasers' businesses, even though those needs were never communicated to the manufacturer. *Moorman*, 91 Ill. 2d at 88.

The *Moorman* court did not, however, answer the question whether noneconomic damages were available in contract. The Appellate Court, First District, answered this question in the negative, holding that an action to recover noneconomic damages pursuant to an implied warranty action under the UCC would not lie. (*Seegers*, 218 Ill. App. 3d at 369.) The plaintiff filed a complaint seeking to recover damages for a grain silo which exploded, alleging that defendant breached implied warranties of merchantability and fitness for a particular purpose pursuant to the UCC. (*Seegers*, 218 Ill. App. 3d at 368.) The court noted that there have been cases in which noneconomic losses have been allowed in a warranty action, but those instances involved a personal injury and not merely property damage (see *Berry v. G.D. Searle & Co.* (1974), 56 Ill. 2d 548, 558). (*Seegers*, 218 Ill. App. 3d at 369.) The court went on to hold that in the absence of a personal injury an action seeking noneconomic damages involving a breach of an implied warranty will not lie. *Seegers*, 218 Ill. App. 3d at 369.

The *Seegers* court failed, however, to explain why it ignored the UCC language which expressly allows a party to recover damages for personal injury and property damage. Section 2—714 of the UCC states that in a proper case "incidental and consequential damages under the next section may also be recovered." (810 ILCS 5/2—714(3)

(West 1992).) Section 2—715 defines consequential damages as including "injury to person or property proximately resulting from any breach of warranty." (810 ILCS 5/2—715(2)(b) (West 1992).) In light of the specific statutory allowance for the type of damages which plaintiff seeks to recover, we decline to follow the reasoning of *Seegers*.

The rationale of the *Moorman* court in precluding a party from recovering economic losses in tort was to protect a manufacturer from being held liable for damages of unknown and unlimited scope and in effect to require a manufacturer to guarantee or warrant his product for its entire productive life. (See *Moorman*, 91 Ill. 2d at 91.) The court further noted that to subject a manufacturer to liability under tort theories for solely economic damages would encroach on the legislature's statutory enactment of the UCC. (See *Moorman*, 91 Ill. 2d at 90-91.) The court did not wish to interfere with the framework of the UCC and, therefore, determined that economic losses were not recoverable in tort. *Moorman*, 91 Ill. 2d at 91.

■ The UCC expressly allows a party to recover consequential damages, including injury to person and property proximately resulting from any breach of warranty. (810 ILCS 5/2—715 (West 1992).) As noted above, noneconomic losses are defined as injuries to persons or property which are the result of a sudden and calamitous circumstance (*Board of Education*, 131 Ill. 2d at 441-42), while economic losses are defined as cost of repair and replacement of the defective product, as well as consequential loss of the product's profits (*Seegers*, 218 Ill. App. 3d at 369). We are unable to postulate any set of circumstances under which a party would suffer personal injury or property damage which would fall under the definition of purely economic losses. As such, an interpretation that noneconomic losses are not recoverable in actions pursuant to the UCC completely eviscerates section 5/2—715(2)(b) (810 ILCS 5/2—715(2)(b) (West 1992)).

It should also be noted that the court in *Seegers* relied on *Berry* (56 Ill. 2d 548), in support of its holding that noneconomic losses are barred in a contract proceeding pursuant to *Moorman*. However, we find that *Berry* supports an opposite conclusion. The court noted that section 2—715(2)(b) clearly demonstrates "the legislative intent to create a statutory cause of action for breach of implied warranty to afford consumer protection to those who sustain personal injuries resulting from product deficiencies." (*Berry*, 56 Ill. 2d at 553.) The *Seegers* court determined that *Berry* stood for the proposition that for public policy reasons, where personal injury is involved, a breach of an implied warranty action under the UCC for noneconomic loss may be maintained. (*Seegers*, 218 Ill. App. 3d at 369.) We interpret *Berry*

to stand for the proposition that, in light of the specific statutory wording allowing recovery for personal injuries resulting from the breach of a warranty, recovery for such noneconomic damages is allowable. Because the UCC also allows recovery for property damage resulting from the breach of any warranty (810 ILCS 5/2—715(2)(b) (West 1992)), plaintiff is not precluded from recovering such noneconomic damages pursuant to the UCC.

Defendant argues that even if plaintiff was not precluded from recovering noneconomic damages pursuant to the UCC, as a matter of law plaintiff could not prevail on its breach of warranty claims. Defendant argues that plaintiff could not establish a breach of an implied warranty of fitness for a particular purpose because plaintiff cannot establish that the Bank relied upon defendant's skill or judgment in selecting the goods in question. Defendant further argues that plaintiff could not establish a breach of an implied warranty of merchantability because defendant is not a merchant in the business of selling the water meters.

■ In order to recover pursuant to an implied warranty of merchantability, plaintiff must prove (1) the seller is a merchant with respect to goods of that kind, and (2) the goods were not fit for the ordinary purposes for which such goods are used. (810 ILCS 5/2—314(2)(c) (West 1992).) Whether an implied warranty has been breached is a question of fact. (*Ouwenga v. Nu-Way Ag, Inc.* (1992), 239 Ill. App. 3d 518, 521.) Plaintiff argues that defendant is a merchant for purposes of the warranty claim and that the water meters were not fit for the ordinary purposes for which they were supplied. Defendant denies that it is a merchant because it is not in the business of selling water meter assemblies and only acts as a clearinghouse for distribution to developers. This is a factual dispute which is properly resolved at trial.

■ In order for plaintiff to recover for breach of an implied warranty of fitness for a particular purpose, plaintiff must show (1) a sale of goods, (2) that the seller had reason to know of any particular purpose for which the goods are required, (3) that the buyer of goods was relying on the seller's skill or judgment in selecting the goods, and (4) that the goods were not fit for the particular purpose for which they were used. (*Malawy v. Richards Manufacturing Co.* (1986), 150 Ill. App. 3d 549, 558-59.) As noted above, whether an implied warranty is breached is a question of fact. *Ouwenga*, 239 Ill. App. 3d at 521.

■ Defendant argues that, in its capacity as buyer and owner of the water meter device, the Bank had no contact with defendant and, as such, cannot prove reliance on defendant's skill or judgment in

selecting the water meter. Defendant further argues that the party who was responsible for the installation of the water meter, the plumber, testified that he did not have any contacts with defendant after the water meter was delivered to the site. Plaintiff argues that defendant selected the water meter assembly based on blueprints provided by plaintiff and, as such, plaintiff assumed that the water meter supplied by defendant would be adequate for the purposes designated in the blueprint. Whether plaintiff relied on defendant in purchasing the water meter is a question of fact which is not properly disposed of on a motion for summary judgment.

Therefore, the decision of the circuit court of Du Page County granting defendant's motion for summary judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

GEIGER and DOYLE, JJ., concur.